## The Farmers' Mutual Fire Ins. Co. *versus* Barr.

1. Where a condition of a policy of insurance requires suit to be brought within six months, and it is a part of the contract as contemplated by both parties at the time the risk was assumed, the insured cannot be released from this condition by a mistake in the policy as to the time when the risk commenced.

2. While the refusal of the company to recognise its liability may operate as a waiver of its right to insist on preliminary proof of loss, &c., it does not relieve the insured who claims the contract was in full force, when the fire occurred, from bringing suit within the six months. His failure to do so is a bar to any claim he may have against the company. and the result cannot be avoided by setting up the receipt given for the premium by the agent of the company and ignoring the terms and condition of the contract as it was contained in the policy of insurance.

May 6th 1880.    Before MERCUR, GORDON, PAXSON, TRUNKEY and STERRETT, JJ.    SHARSWOOD, C. J., and GREEN, J., absent.

Error to the Court of Common Pleas of *Lancaster county:* Of May Term 1880, No. 176.

Debt by John K. Barr and Hettie A. Barr, for the use of said Hettie, against the Farmers' Mutual Fire Insurance Company of Pennsylvania, on a contract of insurance.    Defendant pleaded nil debet.

The material facts were these: On May 3d 1870, John K. Barr signed an application to the Farmers' Mutual Fire Insurance Company of Pennsylvania for an insurance on his property to the amount of $8800.    On May 31st 1870, he paid the company $48.80 as premium for his policy, which had been issued May 6th 1870.    On May 19th 1873, a portion of the property insured was destroyed by fire.    A day or two after the fire Barr called on John H. Zeller, an agent of the company, and was informed that the policy had expired.    The company denied all liability, and refused to pay.

It alleged that in the fall of 1869 G. R. Hendrickson, who had become its agent, called upon Barr and solicited an extension of his insurance in the said company to the barn and other buildings on Barr's premises.    Hendrickson at the same time made the necessary surveys.    Barr, in the latter part of April 1870, signed an application, filled up then or subsequently by Hendrickson, for an insurance to the amount of $8800 upon all his buildings, to take effect, as the company alleged, on the 3d day of May 1870, the time of the expiration of a former policy.    At the time of making the said application, Barr received from Hendrickson the following receipt or certificate:

### "MUTUAL RATE.

[2-cent Rev. Stamp.]    "This certifies that John K. Barr, of West Hempfield township, in the county of Lancaster, has made application to the Farmers' Mutual Insurance Company of Pennsylvania for insurance upon the property specified in said application to the amount of $8800.    That he has

given a note for $192.20, and has paid in addition $48.80, and that he will be insured upon the property specified in said application $8800 for three years from date if the same be approved by the directors.

"Amount paid,                                    May 31st 1870.
    "$48.80.                      G. R. HENDRICKSON, Agent."

A policy of insurance, dated May 6th 1870, was issued by the company, insuring the property of Barr to the amount of $8800 for the term of three years, beginning at noon of the 3d day of May 1870, instead of 31st day of May 1870, as contemplated by the above contract of insurance. This policy of insurance was sent to Hendrickson, the agent, and by him forwarded to Barr by mail. Barr had the policy in his possession from the time it was sent him by Hendrickson until the 11th day of September 1871, on which day it was assigned to S. H. Reynolds, a lien-creditor. On the 19th day of May 1873, while Barr was absent in New York, the fire occurred which destroyed a part of the property insured.

On the day after the fire Barr went to Mr. Zeller, who was then agent of the company, gave him notice of the loss, and was ready to make proof of its extent. Mr. Zeller informed Barr that he had received notice from the office of the company that he was not insured; that his insurance had run out, and showed him the books, and told him his policy had expired. This was the first intimation Barr had that there was any discrepancy between the dates of the policy and his contract of insurance as represented by the receipt.

On October 9th 1873, two attachments in execution were issued by judgment-creditors of Barr out of the Court of Common Pleas of Lancaster county to October Term 1873, in each of which the plaintiff in error was garnishee. After trial there was a verdict against the company in each case in favor of the attaching-creditors —in the first for $2748.76; in the second for $554.44. The judgments in these cases were afterwards affirmed by this court, and on June 20th 1878, the company paid these amounts and the costs.

On the 13th of March 1877, Barr assigned to his wife, Hettie Barr, all his "interest, right, title and claims" that he held against the company, and on the 11th of May 1877, this suit was brought. On the trial the plaintiff claimed the whole amount for which the destroyed property was insured, with interest, less the amounts paid to the attaching-creditors.

The twelfth condition annexed to the policy was as follows:

" It is furthermore hereby expressly provided that no suit or action of any kind against the company for the recovery of any claim upon, under or by virtue of this policy shall be sustainable in any court of law or equity, unless such suit or action shall be

[Farmers' Mut. Fire Ins. Co. v, Barr.]

commenced within the term of six months next after the cause of action shall have accrued; and in case any such suit or action shall be commenced ·against said company, after the expiration of six months next after the cause of action shall have accrued, the lapse of time shall be taken and deemed as conclusive evidence against the validity of the claim thereby so attempted to be enforced."

The last condition annexed to the policy was as follows:

" The insurance under this policy shall cease at and from the time the property hereby insured shall be levied on or taken into possession or custody under any proceeding in law or equity; and should there, during the life of this policy, an encumbrance fall or be executed upon the property insured sufficient to reduce the real interest of the insured in the same to a sum only equal to or below the amount insured, and he neglect or fail to obtain the consent of the. company thereto, then and in that case the policy shall be void."

The following assignments of error will show the questions raised in the court below.

1. The court (Patterson, A. L. J.), erred in their answer to the defendant's second point.

Point.—The plaintiff's loss having been sustained on May 19th 1873, and the defendant having immediately afterwards denied all liability therefor, whatever cause of action the plaintiff had, accrued at the end of three months from such denial, and this suit, brought May 11th 1877, more than six months after his alleged cause of action had accrued, is barred by the twelfth condition of the policy limiting the plaintiff's right to sustain an action to six months from the time. his cause of action accrued, which condition is binding on plaintiff, and the verdict must be for the defendant.

Ans. " This point we decline to affirm."

2. The court erred in holding that the suit was not barred.

3. The court erred in overruling defendant's offer to prove that the actual cash value of the buildings destroyed by fire on the 19th of May 1873, and insured in this policy, was not over twelve hundred dollars, and that the actual cash value of the other property destroyed at that time, and covered by this insurance, was not over thirteen hundred dollars, making the entire loss not over twenty-five hundred dollars.

4. In overruling defendant's offer to show that the actual cash value of the buildings of John K. Barr, destroyed by fire on the night of the 19th of May 1873, and covered by this policy of insurance issued by this company, was not over twelve hundred dollars at that time.

5. In overruling defendant's offer to prove that he was well acquainted with these buildings and their value, and that immediately before their destruction by fire, the buildings that were

covered oy this insurance policy were not worth over twelve hundred dollars.

Verdict for plaintiff for $1006.08, and after judgment, defendant took this writ and alleged that the court erred, as set forth above.

*H. M. North* and *J. Hay Brown*, for plaintiff in error.—The suit was brought on a contract of insurance, the evidence of which, the plaintiff below contended, was the receipt of May 31st 1870. That a receipt for the premium can form a contract of insurance is not disputed, but it is equally clear that such an insurance is to be regarded as made upon the terms and subject to the conditions in the ordinary forms of policies used by the company at the time : State Fire & Marine Ins. Co. *v.* Porter, 3 Grant 123 ; The Eureka Ins. Co. *v.* Robinson, Rea & Co., 6 P. F. Smith 256.

Barr, the plaintiff, testified that he received the policy, and the agent of the company testified it was in the ordinary form. The plaintiff is therefore subject to the conditions of the policy. This suit was not brought until nearly four years after the fire. The pendency of the attachment did not excuse the failure of the plaintiff to sue within six months after his cause of action accrued : Schroder *v.* Keystone Ins. Co., 2 Phila. R. 286. A stipulation requiring the assured to enforce his legal remedy within a prescribed period is valid. Whatever cause of action the plaintiff had accrued as soon as the company denied its liability and refused to pay. The stipulation was binding, and the plaintiff not having brought his action within the prescribed time, is barred : Wilson *v.* Ætna Ins. Co., 27 Vt. 99 ; Riddlesbarger *v.* Hartford Ins. Co., 7 Wallace 386.

Where the parties specify in the contract of insurance what shall be the mode and manner of ascertaining the value of the property destroyed by fire, the law will enforce their agreement, as when they agree that the loss or damage shall be estimated according to the true and actual cash value of the property at the time the same shall be destroyed : Flanders on Fire Insurance, 608 ; The Commonwealth Ins. Co. *v.* Sennett, Barr & Co., 1 Wright 205.

*S. H. Reynolds* and *D. McMullen*, for defendant in error.— This is not a suit brought upon, under or by virtue of a policy of insurance, but upon a contract for a policy which was not issued. We have here a contract for insurance not consummated on the part of the insurer by the issuing of a policy—a contract which, though fully performed on the part of the applicant, was repudiated by the insurance company when the time for the performance of its part had arrived, and it was asked to do that for the undertaking of which it had received and retained the consideration. When Barr made his application, he stipulated for an

[Farmers' Mut. Fire Ins. Co. v. Barr.]

insurance to commence on May 31st 1870, and continue until May 31st 1873, and paid his premium for that time. He was therefore entitled to a policy covering the entire period. The policy that was issued covered twenty-eight days less than that period, and was equivalent to no policy at all, inasmuch as the fire occurred during the twenty-eight days which it did not cover. When the time arrived when Barr expected to invoke the protection of his policy, he was told there was no policy in force. His application to the company then, as now to the court, was therefore to have the policy reformed, or in other words, to have a policy issued in accordance with his contract, and not to enforce a policy which had no existence.

The company refuses us the protection and benefit of its policy, and at the same time seeks to bind and limit us by its terms. The claim now made is not on the policy but on the agreement for one not performed. The refusal of the policy was equivalent to a denial of all liability made within the time in which proof was required: Weeks v. Lycoming Ins. Co., United States Circuit Court, District of Vermont, February Term 1878, vol. 6 of the Reporter, 165.

Mr. Justice STERRETT delivered the opinion of the court, May 17th 1880.

In view of the facts conclusively established by the testimony in this case, the plaintiff below had no right to ignore all the terms and conditions of the policy issued in pursuance of his application, and maintain an action on the receipt of the company alone. It is not pretended that the contract of insurance was to be evidenced solely by the receipt given for the premium. On the contrary, it was distinctly understood by both parties that a policy, in the form used by the company, should be issued as the evidence of their contract.

The application of the plaintiff below, as expressed on its face, was for insurance by the company "for the term of three years from the 3d day of May 1870;" and a policy, in strict conformity thereto, was issued and retained by him without objection until September 1871, when, with the assent of the company endorsed thereon, he assigned it to Mr. Reynolds as collateral security. No misunderstanding appears to have arisen until after the fire, which occurred May 19th 1873, sixteen days after the risk, as stated in the policy, had expired. According to the application, as well as the letter of the policy, the insurance had then expired, and the plaintiff below had no claim upon the company. He contended, however, that his contract was for insurance to commence on the 31st instead of the 3d of May 1870, and in support of this position he produced the company's receipt, dated May 31st 1870, in which it is recited that he has made application for insurance, &c.,

"that he has given a note for $195.20, and has paid in addition $48.80, and that he will be insured upon the property specified in the application $8800, for three years from date, if the same be approved by the directors." He accordingly insisted, and rightly as it may be assumed, that the risk did not expire until May 31st 1873; but the company relying upon the application and the policy issued in pursuance thereof, denied its liability and refused to do anything towards adjusting the loss. While the parties were thus disputing as to whether the insurance had expired before the property was destroyed or not, two attachments in execution on judgments against the insured were issued, served on the company and prosecuted to judgment, which was afterwards affirmed by this court: The Farmers' Mutual Insurance Co. *v.* Bair et al., 6 Norris 124. In May 1877, nearly four years after the fire, the plaintiff brought this suit to recover the residue of insurance money not covered by the attachments, and based his claim exclusively on the receipt above mentioned, ignoring entirely the policy and all the terms and conditions thereof.

If it was true, as he alleged, that the company agreed to insure his property for three years from May 31st 1870, he had a right to have the policy reformed, or treated as reformed, so as to correspond with the correct date; but he could not ignore the patent fact that the contract with the company, when he paid the premium, was for insurance to be evidenced by a policy such as was then used by the company, containing the terms and conditions of the contract, and that such a policy had actually been issued and retained by him without objection until after the property was destroyed, and then the only complaint was that the date at which the risk commenced was the 3d instead of the 31st May 1870. If the suit had been on the policy so reformed as to give the correct date of the risk, and thus conform to the contract as he alleged it was, the insuperable obstacle of the delay in bringing suit would have been directly encountered. The twelfth condition of the policy required suit to be brought within six months, and this was undoubtedly a part of the contract as contemplated by both parties at the time the risk was assumed. The insured could not be relieved from this condition by a mistake in the policy as to the time when the risk commenced. There was nothing to explain or excuse the condition. The pendency of the attachments did not prevent the delay of more than three years beyond the time specified in the commencement of suit on the policy. While the refusal of the company to recognise its liability, on the ground that the risk had expired, may have operated as a waiver of its right to insist on preliminary proof of loss, &c., it did not relieve the plaintiff, who claimed that the contract was in full force, when the fire occurred, from bringing suit within six months. His failure to do so was a bar to any claim he may have had against the company; and this

[Farmers' Mut. Fire Ins. Co. v. Barr.]

result could not be avoided by basing his action solely on the receipt and ignoring the terms and conditions of the contract as it actually was.

The first and second assignments of error are therefore sustained.

The view we have taken of the case renders it unnecessary to consider the remaining assignments; but, assuming, as the learned judge of the Common Pleas did, that there was evidence tending to establish the liability of the company, the testimony, to which the third, fourth and fifth assignments relate, should have been received. If the company was liable at all, the measure of its liability was the value of the property at the time it was destroyed, not exceeding the amount insured thereon, with interest. The offers were to prove that the buildings destroyed were not worth more than $1200, and the personal property not more than $1300, making the entire loss not exceeding $2500. The witnesses appear to have had sufficient knowledge of the property to justify the admission of their testimony as to its value. One of the offers was to prove by the witness that he was well acquainted with the buildings and their value, and that they were not worth over $1200. The remaining errors are not sustained.

Judgment reversed.