## James Flynn, Appellant, v. The Peoples' Mutual Live Stock Insurance Co.

*Insurance—Delivery of policy—Conditions precedent to.*

Where a policy was delivered to plaintiff by one who had no authority to act for the defendant company or its agent, and the entrance and policy fees, the payment of which were by the rules of the company a condition precedent to delivery of the policy, were subsequently paid to one who had no authority to accept payment, it follows that the policy never was in force, and an action thereon was properly nonsuited.

*Limitation of actions—Insurance—Waiver—Condition in policy.*

A condition in a policy of insurance, that no action shall be maintained thereon unless brought within a specified time after the loss, is valid. While such condition may be waived, to constitute a waiver there should be shown some official act or declaration of the company during the currency of the time dispensing with it; something from which the assured might reasonably infer that the underwriters did not mean to insist upon it.

Loose declarations of an agent will not constitute a waiver of this condition where the policy provides : " No agent of this company has authority

to waive or alter any of the conditions or by-laws governing this policy. And the company will not be bound by any contract or agreement entered into between the agent and the insured unless the same bears the signature of the secretary and the corporate seal of the company:" Waynesboro Mut. Fire Ins. Co. v. Conover, 98 Pa. 384, followed.

Argued Jan. 12, 1897. Appeal, No. 6, Jan. T., 1897, by plaintiff, from refusal of C. P. Lackawanna Co., Nov. T., 1893, No. 690, to take off judgment of nonsuit. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Affirmed.

Assumpsit on policy of insurance. Before EDWARDS, J.

The policy of insurance upon which suit in this case was brought was dated June 30, 1892, and was sent to Jacob Helmer, agent of the company at Scranton, to be by him delivered to James Flynn, upon payment of the policy and entrance fee due upon said policy. Flynn was notified that the policy was ready for delivery but did not call for it until July 28, 1892, when he obtained the policy from a brother of the agent, in the office. Later in the same day the horse insured thereby died, having been taken sick early in the morning. The agent's brother recovered possession of the policy the following day. The entrance fees and dues were paid to one James McCarty, who was not an agent of the company, by a servant of the plaintiff, and the money was left by McCarty at the office of Helmer, in his absence, but was not accepted by him. The plaintiff's evidence tended to show that the horse was sick at the time the fees were paid to McCarty.

There was evidence tending to show that upon inquiry and demand made, Helmer assured the plaintiff from time to time that "it would be all right." Defendant's evidence, however, tended to show that the company from the first denied all liability, claiming that the policy had never been properly issued.

Section 14 of the conditions and agreements of the policy provides as follows :

"It is understood and agreed that this policy shall not be in force until it has been paid for and delivered to the applicant, which must be while the animal it is intended to cover is in perfect health." ·

Condition 18 of the policy of insurance requires suit to be

brought within six months from the date of the death of the animal insured, any statute of limitation to the contrary notwithstanding.

The court directed a nonsuit which it subsequently, on motion, refused to take off. Plaintiff appealed.

*Error assigned* was refusal to take off nonsuit.

*A. A. Vosburg*, with him *W. S. Hulslander*, for appellant.— If the reason of the non-commencement of the action within the time specified in the policy is the fault of the insurers, it may be maintained if commenced afterwards : Ames v. Ins. Co., 14 N. Y. 253 ; Killips v. Ins. Co., 28 Wis. 472 ; Derrick v. Ins. Co., 74 Ill. 404 ; Grant v. Ins. Co., 5 Ind. 23 ; Little v. Ins. Co., 123 Mass. 380 ; Bish v. Ins. Co., 69 Iowa, 184 ; Martin v. Ins. Co., 44 N. J. 485 ; 2 May on Ins., 1166 (3d ed.).

Where a duly authorized insurance agent, in the due prosecution of the business of his company, employs another as a subagent, the acts of the subagent have the same effect as if done by the agent himself :· McGonigle v. Ins. Co., 168 Pa. 1.

It is admissible to show by·parol testimony a waiver by acts in pais : Mix v. Ins. Co., 169 Pa. 639 ; McFarland v. Ins. Co., 134 Pa. 590 ; Gould v. Ins. Co., 134 Pa. 570 ; Mentz v. Ins. Co., 79 Pa. 475.

*H. C. Reynolds*, for appellee.—There is no evidence that the company treated him as their debtor and charged him with the premium : Marland v. Ins. Co., 71 Pa. 393. See also Greene v. Lycoming Co. Ins. Co., 91 Pa. 387.

The party who avails himself of the acts of the agent in order to charge the principal must prove the authority and extent of it : Langenheim v. Anschutz Bradberry Co., 2 Pa. Superior Ct. 286 ; Rice v. Jackson, 171 Pa. 89.

An agent's authority cannot be shown by his declarations : Relief Assn. v. Post, 122 Pa. 579.

That an agent may not waive the provisions of a policy in a matter outside of the scope of his agency cannot be doubted : Ins. Co. v. Dunham, 117 Pa. 460.

There must be an intention to waive a forfeiture by notice or acts inconsistent with acts exercising right to forfeit : Ins. Co. v. Miller, 120 Pa. 504.

The provisions of the by-laws are binding upon the insured :

Mitchell v. Ins. Co., 51 Pa. 402; Diehl v. Ins. Co., 58 Pa. 443; Burger v. Ins. Co., 71 Pa. 422.

OPINION BY RICE, P. J., March 17, 1897:

The policy of insurance upon which this suit was brought was dated June 30, 1892, and left with the defendant's agent to be delivered to the plaintiff upon compliance with its conditions. On the morning of July 28, the plaintiff went to the office of the agent, and, the latter being absent, his brother handed the policy to him, but, for reasons which are not important here, did not exact payment of the entrance and policy fees. Later on the same morning, Patrick McGouldrick, an employee of the plaintiff, of his own motion and apparently without the knowledge of the plaintiff, went to one McCarty, who had solicited the insurance, and paid to him these fees. The horse died on the afternoon of the same day. After a careful perusal of the testimony of McGouldrick and McCarty, both of whom were called as witnesses by the plaintiff, it is evident to us, notwithstanding their evasive and contradictory answers, that the horse was sick at the time McGouldrick paid the money to McCarty.

The 14th condition of the policy reads as follows: "It is understood and agreed that this policy shall not be in force until it has been paid for and delivered to the applicant, which must be while the animal it is intended to cover is in perfect health." This agreement has a plain application to the facts of the present case. For, it is to be observed, Robert Helmer, who handed the policy to the plaintiff, was not the defendant's agent and had no authority from the defendant or its agent to deliver the policy without payment of the policy and entrance fees. Nor is there any competent evidence that he was an employee of the agent. There is no necessity to discuss the power of agents to waive conditions in a policy, because Robert Helmer was not an agent and his act was never ratified. On the contrary, as soon as his brother, the agent, learned of it he repudiated it, and on the following day Robert Helmer got the policy back from the plaintiff.

Nor was McCarty such an agent as, under the conditions of the policy and the by-laws of the association, which were printed upon and made part of it, was authorized to receive the money.

He was at the most a mere solicitor of applications, and was not entrusted with the delivery of policies generally nor of this particular policy. Indeed, it is apparent from his own testimony that he did not undertake to accept payment for the company; for he says: "I accepted the money and told him I would try to secure the insurance for him; I believe that is what I told him." He then came to Scranton and left the money with Robert Helmer—the agent Jacob Helmer being absent—and it does not appear that the latter ever accepted the money. Summing up the testimony, the policy was delivered to the plaintiff by one who had no authority to act for the defendant or its agent, and the entrance and policy fees were subsequently paid to one who had no authority to accept payment. It follows that the policy never was in force, and that the plaintiff might well have been nonsuited upon that ground.

The validity of a condition in a policy of insurance that no action shall be maintained thereon unless brought within a specified time after the loss, is well settled. We need only refer to the case of Hocking v. Ins. Co., 130 Pa. 170, and the cases there cited. Being for the benefit of the company it may be waived, but " to constitute a waiver there should be shown some official act or declaration of the company during the currency of the time dispensing with it; something from which the assured might reasonably infer that the underwriters did not mean to insist upon it: " Beatty v. Ins. Co., 66 Pa. 9. That the limitation " may be defeated by conduct which constitutes an estoppel or a waiver of the right to interpose it as a defense is not denied, but there must be evidence of conduct from which an intention to waive it can be fairly inferred, or of an act which ought in equity to estop the company from relying upon it: " National Ins. Co. v. Brown, 128 Pa. 386. It is contended that it was waived, in the present case, by the declarations of the agent. Conceding his authority, it is doubtful whether such loose statements as are testified to could be regarded as a waiver, when it is so apparent that the company denied its liability from the first. In view of the other facts in the case, the plaintiff was not justified in treating the declarations of the agent as anything more than the expression of his personal opinion. But, under the sixteenth condition, he had not authority to waive the limitation. It provides: " No agent of this company has

authority to waive or alter any of the conditions or by-laws governing this policy. And the company will not be bound by any contract or agreement entered into between the agent and the insured unless the same bears the signature of the secretary and the corporate seal of the company." This brings the case within the ruling in Waynesboro Mut. Fire Ins. Co. v. Conover, 98 Pa. 384.

But, it is argued, the company was estopped because it took and withheld from the plaintiff his policy and he did not know of the provisions. To this there are two answers : first, the policy never was delivered to him by anyone having authority to do so ; second, even if it were, then, in the absence of misrepresentations as to its contents, he was from that time affected with notice of its terms and conditions.

Judgment affirmed.