# Dalzell, Appellant, v. London and Lancashire Fire Insurance Company.

*Insurance—Fire insurance—Limitation of time for suit—Construction.*

A policy of fire insurance provided in effect that no action should be brought thereon unless commenced within twelve months next after the loss; an action on a policy was brought in the Common Pleas Court, which was removed to the Circuit Court of the United States where plaintiff recovered a verdict; on appeal the judgment was reversed, "but without prejudice to the right of the plaintiff below to bring such other suit as he may be entitled to prosecute in whatever forum may have jurisdiction thereof." Thereafter, and more than twelve months after the loss, plaintiff brought a second action on the policy. The lower court directed a verdict for defendant and entered judgment thereon. *Held,* no error.

Argued Oct. 27, 1915. Appeal, No. 185, Oct. T., 1915, by plaintiff, from judgment of C. P. Allegheny Co., First Term, 1912, No. 162, on directed verdict for defendant, in case of John Dalzell v. London & Lancashire Fire Insurance Company of Liverpool, England. Before BROWN, C. J., MESTREZAT, POTTER, MOSCHZISKER and FRAZER, JJ. Affirmed.

Assumpsit on a policy of fire insurance. Before MAC-FARLANE, J.

From the record it appeared that plaintiff brought an action on a fire insurance policy to recover $2,150.37 in the Common Pleas Court of Allegheny County on December 31, 1908. One of the provisions of said policy was as follows:

"No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity......unless commenced within twelve months next after the fire."

On April 5, 1909, defendant removed the action to the

United States Circuit Court and recovered a verdict; on appeal to the Circuit Court of Appeals, the judgment was reversed, "but without prejudice to the right of the plaintiff below to bring such other suit as he may be entitled to prosecute in whatever forum may have jurisdiction thereof." The present suit on the policy was brought in November, 1911, in the Common Pleas Court of Allegheny County.

Verdict for defendant by direction of the court and judgment thereon. Plaintiff appealed.

*Error assigned,* among others, was in directing a verdict for defendant.

*Richard H. Hawkins,* for appellant.

*W. K. Jennings,* with him *D. C. Jennings,* for appellee.

Per Curiam, January 3, 1916:

For the loss covered by the policy of insurance upon which the appellant brought this action he had previously brought suit in the court below, in 1908. That suit, in due course, reached the Federal Court for the western district of Pennsylvania, and ultimately judgment was entered in the Circuit Court of Appeals in favor of the defendant. This was the end of all litigation between it and the appellant on the latter's present alleged cause of action: Bolton v. Hey, 168 Pa. 418; Lafferty's Est., 230 Pa. 496; Bower's Est., Stephen's App., 240 Pa. 388. No right of action was saved to the appellant by the amended or modified judgment of the Circuit Court of Appeals, for the reason that he no longer had any right of action under the policy.

Judgment affirmed.