O'Connor, Appellant, *v.* Allemannia Fire
Insurance Company of Pittsburgh

Argued April 30, 1937. Be-
fore KELLER, P. J., CUNNINGHAM, BALDRIGE, STADT-
FELD, PARKER, JAMES and RHODES, JJ.

*Walter P. Smart,* with him *L. K. Porter,* for appellant.

*W. W. Stoner,* with him *J. M. Stoner & Sons,* for appellee.

OPINION BY KELLER, P. J., September 29, 1937:

On April 15, 1924 the defendant company issued to the plaintiff a policy insuring her household goods against fire, for three years, in the amount of $3,000, while contained in a dwelling on Mt. Royal Road, Pittsburgh.

On November 12, 1924, a fire occurred which destroyed the dwelling and its contents.

On December 1, 1927, the insured brought this action of assumpsit on the policy.

The policy of insurance is not attached to the statement of claim in the original record—we relieved the appellant of printing the record; nor does any copy of it appear anywhere in the record or testimony. Presumably it was in the standard form prescribed by the Act of May 17, 1921, P. L. 682, sec. 523.

It is admitted that it contained the following clause prescribed in the standard form of policy: "SUIT. No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless the claimant shall show compliance with all the requirements of this policy, nor unless commenced within twelve months next after the fire."

If the policy was in the standard form prescribed by

the Act of 1921, it also contained the following clause: "WAIVER. No one shall have power to waive any provision or condition of this policy, except such as by the term of this policy may be the subject of agreement added thereto; nor shall any such provision or condition be held to be waived unless such waiver shall be in writing added hereto; nor shall any provision or condition of this policy, or any forfeiture, be held to be waived by any requirement, act, or proceeding, on the part of this company relating to appraisal or to any examination herein provided for; nor shall any privilege or permission affecting the insurance hereunder exist or be claimed by the insured unless granted herein or by rider added hereto."

No good purpose will be served by referring in detail to the various pleadings filed and steps taken in the case prior to those in connection with the trial on October 10, 1935. The jury found in favor of the plaintiff for $1,525, and answered affirmatively all of the four following specific questions submitted to them by the trial judge:

"(1) Did the defendant company through the adjuster, W. W. Zieg, waive the terms of the policy requiring suit to be entered within one year after the date of the fire by conduct or words which induced the plaintiff not to enter suit within the prescribed time of one year?

"(2) Did the plaintiff refrain from entering suit until December 1, 1927, by reason of anything said or done by the adjuster Zieg, who, according to the testimony of plaintiff and her counsel, about thirteen or fourteen months after the date of the fire, which was November 12, 1924, Zieg said to them that the company would not pay the loss and did not have to do so because the year within which suit was required to be brought under the policy had expired?

"(3) Was it reasonable for the plaintiff to delay

entering suit until December 1, 1927, when, according to the testimony of the plaintiff and her counsel, the adjuster representing defendant company had informed them within thirteen or fourteen months after the fire that the loss would not be paid?

"(4) If Mr. Zieg waived the terms of the policy by conduct or words inducing plaintiff not to enter action within the term of one year after the date of the fire, was he acting within the scope of his authority in doing so?"

Subsequently the court entered judgment in favor of the defendant non obstante veredicto, on the ground that plaintiff's delay in bringing suit for nearly two years after notice was given her, in December, 1925, or January, 1926, that defendant denied any liability under the policy was unreasonable as matter of law and prevented a recovery under the policy. The plaintiff appealed. The judgment must be affirmed.

Some confusion has resulted from a careless and, perhaps, not wholly accurate use in the decisions of the words 'waive' and 'waiver' in connection with the clause in the policy limiting the time within which an action may be brought upon it, when what was really meant was such conduct on the part of the insurer or its authorized representatives as to excuse the insured from strict compliance with the terms of the policy and to extend the period for bringing suit. This result may have been contributed to by applying to a mere extension of the limitation of suit clause in the policy the same effect as the law attaches to an express or implied waiver of proofs of loss, or waiver of ground of forfeiture or avoidance of the policy, which are of a nature, that once waived they cannot be revived and thereafter insisted upon by the insurer, unless the waiver was obtained by fraud on the part of the insured: 32 C. J. 1355, sec. 640; *O'Brien v. Sovereign Camp*, 122 Pa. Superior Ct. 39, 46, 184 A. 546. Undoubtedly there

may be an express *waiver* of the limitation of suit clause in the policy, and when there is such a definite *waiver*, it is no longer in force and thereafter the *statutory* limitation as to contracts applies; but our Supreme Court has ruled that when the insured seeks to excuse his failure to bring suit within the period of time fixed in the policy by conduct of the insurer which misled the insured to his injury—the failure of the insured to bring suit within the prescribed time being due to the insurer's act or conduct—, the limitation has not been fully and completely *waived*, in the strict sense of the word, but has only been suspended or extended, and begins to run when the insurer's conduct no longer excuses the insured's failure to bring suit.

Thus in *Fritz v. British America Assurance Co.*, 208 Pa. 268, 57 A. 573, where on demand of the insurer for an appraisement, in accordance with a provision of the policy, appraisers were appointed but made no award, and the insured brought suit within sixty days after the appraisal was abandoned, but over two years after the fire, the Supreme Court said, speaking through Mr. Justice MESTREZAT: "The company having required an appraisement by reason of its inability to agree with the insured as to the amount of the loss must be regarded as having *waived its right to enforce the limitation clause until the appraisers have made an award or the appraisement has been abandoned,* unless the award has been delayed or the appraisement has been abandoned by reason of the conduct of the insured. When the appraisement has been terminated, either by an award or an abandonment without fault of the parties, *the time within which an action may be brought begins to run*" (italics supplied) ; and reversing the court below, held that the action was brought in time. Had the insured, in that case, waited over twelve months after the abandonment of the appraisal to bring suit he would have been too late. It is proper to note

that the plaintiff in the present action did not aver in her statement of claim a *waiver* by the defendant company of the clause limiting the bringing of suit, but only that she was *excused* from complying with the clause by the representations, promises and assurances of the defendant and its representatives.

While the standard form of policy—which this presumably was—contains the clause providing against a waiver of any provision or condition of the policy, unless added thereto by written agreement, it has been held that a waiver may be inferred from the acts of the insurer or its authorized representatives: *Collins v. Home Ins. Co.,* 110 Pa. Superior Ct. 72, 75, 167 A. 621; but a waiver, in its strict meaning, never occurs unless intended: *Diehl v. Adams Co. Mut. Ins. Co.,* 58 Pa. 443, 452; *National Ins. Co. v. Brown,* 128 Pa. 386, 18 A. 389; 67 C. J. 302, sec. 6, Ibid p. 311, sec. 12. Certainly, the duly authorized representatives of the insurer may by their conduct estop the company from strictly enforcing the limitation prescribed in the policy, if the failure of the insured to bring suit within the prescribed time was brought about by them. Ordinarily an adjuster employed by the insurer to appraise and determine the loss or damage by fire sustained by the insured does not have authority to waive any of the provisions or conditions of the policy, and his acts or conduct in the line of his employment will not estop the insurer from enforcing the limitation prescribed in the policy: *Warner v. Ins. Co. of N. A.,* 1 Walker 315, 318; *Dunn v. Farmers' Fire Ins. Co.,* 34 Pa. Superior Ct. 245; but the language used by the manager of the defendant company in notifying the insured of Zieg's appointment to "look after [its] interests in connection with any claim under the said policy" was probably broad enough to clothe Zieg with apparent authority to represent the company in the settlement of the claim and to extend the time for bringing suit on the

policy, sufficient to justify the jury's answer to the fourth specific question submitted to them; but we are of opinion that the testimony in the case did not warrant the submission of the other three questions to the jury and required binding instructions for the defendant.

(1) We start out with the well established proposition that the clause in the policy limiting the time within which an action may be brought to twelve months after the fire is reasonable, and is, therefore, valid and binding. *North Western Ins. Co. v. Phoenix Oil & Candle Co.,* 31 Pa. 448; *Collins v. Home Ins. Co.,* supra, p. 74. Granting that Zieg, the adjuster, had authority, under the broad language of his appointment, to extend the limitation period, we find nothing in the testimony in this case that can fairly be construed as requesting, authorizing or even consenting to such an extension. Following Zieg's appointment as adjuster to represent the insurance company, he took up the question of the loss with the insured and the attorney who then represented her, Mr. McDowell. Proofs of loss were prepared and submitted to Zieg which he rejected, pointing out the defects objected to. There was never a time when the parties were able to agree on the sound value of the insured goods. As proof that this failure to agree on Zieg's part was not arbitrary, it is only necessary to point out that the plaintiff sued to recover the full face of the policy, $3,000, and averred, in her statement of claim, that the sound value of the goods was $5,552.50 and that they were totally destroyed. The verdict was for $1,525, or only a little more than half the insurance and considerably less than one-third of their alleged sound value. No agreement had been reached on the question of value up to two months or six weeks of the expiration of the limitation period for suit. The plaintiff and her attorney were fully aware that suit must be brought by November 12, 1925. Mrs. O'Con-

nor testified that the last time she spoke to Zieg was "about six weeks or something before the year was up"; that he said then, "We are willing to pay the claim"; "but the figures was too high" ...... "I said, 'If you don't I will have to bring suit.' 'Well, don't bring suit,' he said. 'We are willing to pay the claim and we will pay. The figures are a little bit too high.' " Mr. McDowell her attorney, testified that at this meeting, which took place about two months before the year for bringing suit was up, and was their third meeting. "We talked about bringing suit. I said, 'We can't dilly dally much longer. There must be something done. If you are not going to pay the claim, then there is nothing to do but to sue you.' He said, 'We are going to pay the claim, but I think you are a little high.' " His testimony proceeded: "Q. You mentioned here that you said you would have to bring suit? A. Yes. Q. And Mrs. O'Connor insisted that suit be brought. What did he say to that? A. He said, 'You must not do it. We are going to pay the claim. We don't want you to bring suit because it injures the insurance company and the people get on to that.' " Zieg denied that he made these statements, but as the verdict was for the plaintiff, we accept them as true.

No meeting between the insured or her attorney and Zieg was had thereafter until December, 1925 or January, 1926, from ten weeks to three months after the prior meeting, and a month or two after the limitation in the policy for bringing suit had expired, when Zieg definitely told them that the insurance company would not pay anything—that there could be no recovery under the policy. There were no negotiations between them after that.

There are many decisions in this State which hold that the limitation of time for bringing suit prescribed in the policy is not waived or even suspended (1) by a promise by the representatives of the insurance com-

pany to settle or pay the claim, or (2) by a mere request on their part not to bring suit, or by a representation that suit is unnecessary, unless the request or representation is made so close to the end of the limitation period as virtually to prevent the bringing of suit in time and amount to an agreement to extend it.

In *Waynesboro Mut. Fire Ins. Co. v. Conover*, 98 Pa. 384, where the limitation for bringing suit prescribed in the policy was six months and the policy contained a clause requiring waivers of conditions, etc., to be in writing, it was held that the insurance company was not estopped from relying on the limitation clause as a defense to an action brought more than six months after the fire by verbal representations of its general agent that it was unnecessary to sue; that the company, although embarrassed, had made or was about to make an assessment on its premium notes and would pay without suit.

In *Universal Mut. Fire Ins. Co. v. Weiss Bros.*, 106 Pa. 20, 27, the Supreme Court said, speaking through Mr. Justice GORDON: "The second of our questions remains wholly unanswered; for there is not even the pretence of the waiver of that condition which required suit to be brought within six months after the loss. This is an independent condition and cannot be made to depend on the waiver of precedent conditions. Had the loss been regularly adjusted, as provided for by the policy, still the limitation was in force; suit must have been brought within the time prescribed, and the neglect of this provision must necessarily, if a contract of this kind is worth anything, bar a right of action on part of the assured. To say, therefore, that Crosse's [the president's] agreement to send a check for the amount of the loss, in any way affected this stipulation, or to submit such a question to the jury, was a mistake. *Insurance Co. v. Conover*, 2 Out., 384."

In *National Ins. Co. v. Brown,* 128 Pa. 386, 18 A. 389, it was held that the facts (1) that in an affidavit of defense to an action brought after the period limited in the policy had expired, the company did not set up the limitation as a defense, and (2) that afterwards the president of the company proposed to settle with the plaintiff, did not create an estoppel or authorize the inference of a waiver of the clause limiting suit.

In *Grier v. Northern Assurance Co.,* 183 Pa. 334, 39 A. 10, it was held that a promise by the insurance company's representatives to pay the amount of the policy, notwithstanding a previous denial of liability, did not amount to a waiver or extension of the clause limiting the time for bringing suit, and consequently an amendment to the statement setting up such promise could not be made after the twelve months had expired.

The clause limiting the time for bringing an action on the policy to twelve months after the occurrence of the fire is not extended by an offer of an adjuster to settle the claim not accepted by the insured: *Warner v. Ins. Co. of N. A.,* 1 Walker 315, 318; nor by an action brought in a court not having jurisdiction of the person or subject-matter: *Dalzell v. London & Lancashire Fire Ins. Co.,* 252 Pa. 265, 97 A. 452; *Keystone Mut. Ben. Assn. v. Norris,* 115 Pa. 446, 8 A. 638. Nor is such a limitation clause in a life policy affected by the incontestable clause usual in such policies: *Brady v. Prudential Ins. Co.,* 168 Pa. 645, 32 A. 102. Nor is it waived or extended by a *denial* of liability, such as attaches to the furnishing of proofs of loss: *Farmers' Mut. Fire Ins. Co. v. Barr,* 94 Pa. 345, 350; nor by repeated assurances of the agent of the insurance company to the insured that "it would be all right": *Flynn v. People's Mut. Live Stock Ins. Co.,* 4 Pa. Superior Ct. 137.

It is undisputed that in the present case from six weeks to two months intervened between the interview with Zieg relied on by the plaintiff and her attorney

and the date for bringing suit fixed in the policy; that both the plaintiff and her attorney knew that her action must be brought by November 12, 1925 to comply with the provision of the policy, and that the defendant and its representatives did nothing during that period to induce the plaintiff to withhold or delay bringing her action. This was ample time in which to proceed.

(2) There is certainly nothing in the testimony that can be construed as evidencing an intention on the part of the company, or its authorized representative, to *waive,* in the strict use of the term, the clause in the policy limiting the time for bringing suit to twelve months after the date of the fire and substitute for it the limitation of six years fixed by statute for simple contract debts. The most that could possibly be ascribed to it would be an intention to suspend, postpone or extend the date for bringing suit pending the negotiations looking to an amicable settlement and when these proved abortive and the insurance company's representative announced definitely that it would not pay anything, then the limitation prescribed in the policy, in the language of the Supreme Court in *Fritz v. British America Assurance Co.,* supra, "began to run," and the insured was bound to bring her action within a reasonable time thereafter *(Collins v. Home Ins. Co.,* supra,) not exceeding, in any event, the twelve months limitation prescribed in the policy. It is not contended that the defendant company or its representative, Zieg, did anything to mislead the plaintiff or induce her to withhold suit after January, 1926, for there were no negotiations whatever between them after that date. The fact that no action was brought within a year thereafter was caused by nothing that was said or done by the insurance company or its representatives, but was due to the opinion of the plaintiff's attorney, frankly admitted on the trial, that not having brought the action

within the time prescribed in the policy, it was too late to do so after that date.

Following the decisions in *Fritz v. British America Assurance Co.*, supra, and *Collins v. Home Ins. Co.*, supra, we now definitely hold that where the acts or conduct of the insurance company and its duly authorized representative have been such as to estop it from strictly enforcing the limitation clause prescribed in the policy, resulting in its suspension, postponement or extension, the clause begins to run again when the company definitely announces its refusal to pay under the limitation clause and the insured, who is in full possession of the facts, must bring his or her action within a reasonable time thereafter, not exceeding twelve months following such refusal. As the insured in this case waited nearly two years after the company denied all liability under the policy, without any representations or acts by the company inducing further delay in the bringing of suit, we agree with the court below that as matter of law the action was brought too late, and judgment non obstante veredicto was properly entered for the defendant.

There is nothing in our decision which conflicts in any manner with the decisions of our Supreme Court in *Arlotte v. National Liberty Ins. Co.*, 312 Pa. 442, 167 A. 295, and *Nanty-Glo Boro v. American Surety Co.*, 316 Pa. 408, 175 A. 536, which follows it, relied on by appellant. In both of these cases the opinion writer, Mr. Justice DREW, very carefully and properly omitted the use of the words 'waive' or 'waiver' in discussing the effect of the insurer's acts and conduct on the clause in the policy limiting action to twelve months, and allowed an extension of the limitation period because the company by its own acts or those of its duly authorized representative, was the cause of the insured's failure to bring action on the policy within the prescribed period. Thus in the Arlotte case, the insured,

an Italian who could not read English, had mislaid his policy, and was informed by the company's agent that it did not cover damages to his dwelling resulting from a motor truck being driven into it, when in fact it did; the action was brought within three months after the policy was found and the insured was able to find out that the representations of the defendant's agent were false. And in the Nanty-Glo case, the surety company defendant asked the insured to hold off suit pending further investigation of the case by it, and the action was brought within 21 days after the letter of the company asking for additional delay was received. There is nothing in the opinion in either case which would justify a delay of nearly two years in bringing suit after the company denied liability and the insured was in full possession of all the facts.

The judgment is affirmed.