DIGGINS, J.,
— Plaintiffs, Frank Mantegna and Phyllis J. Mantegna, commenced the instant action in assumpsit against defendant, Public Service Mutual Insurance Company, seeking damages for a fire loss under the terms of a policy of insurance issued by defendant. Counsel for the respective parties executed a stipulation, approved by the court, which waived a trial by jury, and submitted the matter for determination by a judge sitting without a jury. In due course, the matter was tried, briefs were submitted and on June 4, 1970, the trial judge filed a decision and order finding in favor of the defendant and against plaintiffs. Exceptions to the said decision and order were timely filed on behalf of plaintiffs, and the matter is now before the court for determination.
The record discloses that plaintiffs contracted with defendant for fire loss insurance for the period June 14, 1965, to June 14, 1968. A fire loss occurred to the insured premises of plaintiffs on December 7, 1967. The instant action was not commenced until May 5, 1969, approximately 17 months after the loss was sustained. The original copy of the subject policy contains a provision therein limiting the time within which an action may be brought thereon to one year after the loss. Plaintiffs contend that they did not have, within their possession, written or other notice of the one-year limitation until sometime after the expiration of this time period, that defendant waived the time limitation by its failure to provide written or other notice thereof to plaintiffs, and that defendant was otherwise es-topped from raising this defense. Conversely, defendant contends that plaintiffs failed to promptly report and process the loss, failed to submit a written proof of loss, and failed to institute suit within one year from the date of the loss, all of which are violations of the policy.
*46 An analysis of the record discloses that the original copy of the subject policy was transmitted on behalf of plaintiffs by one Irving Savits to plaintiffs’ mortgage company. Although plaintiff averred in the pleadings that Irving Savits was the agent of defendant, this averment was denied by defendant. Moreover, at trial, plaintiffs failed to offer any proof of agency between Savits and defendant. Consequently, it must be presumed that Savits acted unilaterally or as agent for plaintiffs. Thus, the responsibility for the failure of plaintiffs to obtain the original copy of their policy, which unequivocally contained the one-year limitation provision, cannot be visited upon defendant. In addition, after the loss, plaintiffs made no effort to ascertain the contents of the policy.
Counsel for plaintiffs places substantial emphasis on a memorandum copy of the policy which was forwarded to plaintiffs. This document was offered into evidence, and an analysis thereof indicated that it was not a complete copy of the original in that a page, or pages, of the original was absent, the missing section containing the provision relating to the one-year limitation. No satisfactory explanation is contained in the record concerning the missing or absent section. Again, it is the conclusion of this court that no responsibility in this regard rests on defendánt. Defendant’s rights and obligations were contained in the original copy of the policy which represents the basic contract between the parties. The memorandum is not a substitute therefor under the facts and circumstances here presented. Moreover, as aforesaid, plaintiffs could have procured or read the original copy of the policy which was in the possession of their mortgage company; however, they failed to do so.
Plaintiffs also contend that defendant was legally required to advise plaintiffs of the one-year limitation. *47 We perceive no such obligation in the instant case, since the original copy of the policy was available to plaintiffs. Nor is there any indication that plaintiffs sought this information from defendant. On the contrary, the record discloses that plaintiffs’ failure and/or refusal to cooperate in the processing of the claim with defendant’s representative was the essential cause for defendant’s termination of negotiations approximately five months after the loss was sustained. Significantly, it must be further noted that not a scintilla of evidence is contained in the record suggesting any waiver, fraud, misrepresentation or attempt to mislead plaintiffs by defendant’s representative.
Of equal importance and significance, in the instant case, is the fact that plaintiffs failed, at trial, to offer any probative evidence upon which an award for damages could have been based.
For all of the reasons hereinabove set forth, the court concludes that plaintiffs’ exceptions must be dismissed. This conclusion is consonant with apposite statutory and case authority. See, inter aha, the Act of May 17, 1921, P. L. 682, sec. 506, as amended, 40 PS §636; O’Connor v. Allemania Fire Insurance Company, 128 Pa. Superior Ct. 336; and Lardas v. Underwriters Insurance Co., 426 Pa. 47. The authorities cited by counsel for plaintiffs are distinguishable for factual and/or legal reasons.
Accordingly, we enter the following
ORDER
And now; to wit, February 26, A. D. 1971, upon consideration of the record and briefs filed on behalf of the respective parties, and after argument, it is ordered, adjudged, and decreed that the exceptions, filed on behalf of plaintiffs, Frank Mantegna and Phyllis J. Mantegna, to the decision and order of June 4,1970, be and the same are hereby dismissed.