680

## Starego v. Reliance Insurance Co.

*Jerome L. Cohen,* for plaintiff.
*Daniel G. Flannery,* for defendant.

OLSZEWSKI, *J.,* March 11, 1975.—Josephine Starego ("Josephine"), plaintiff, instituted an action in assumpsit against Reliance Insurance Company ("Reliance"), defendant, on a home owner's insurance policy for certain loss as a result of wind and rain. Reliance is defending on the ground that Josephine has failed to comply with the condition of the policy requiring her to commence suit within 12 months next after inception of the loss. The alleged loss occurred on March 4, 1971, and the complaint was filed on April 26, 1972.

Reliance filed an answer and new matter to the plaintiff's complaint raising the statute of limitations contained within the policy. On the other hand, plaintiff filed a reply admitting that the complaint was not filed within the one-year period, but denying the claim was barred by the statute of limitations. Josephine argues that she was lulled into a false sense of security by the conduct of Reliance, who should be barred from raising the defense of statute of limitations.

After the pleadings were closed and depositions of Josephine completed, a motion for summary judgment pursuant to Pa. R.C.P. 1035 was filed, insisting that the one-year statute of limitations was not tolled.

Rule 1035(a) reads as follows:

"(a) After the pleadings are closed, but within such time as not to delay trial, any party may move for summary judgment on the pleadings, depositions, answers to interrogatories, admissions on file and supporting affidavits, if any."

"It is well settled and beyond reasonable dispute that such a severe dispository procedure should not be granted except in the 'clearest' of cases where there is not the least doubt as to the absence of a triable issue of material fact. Mallesky v. Stevens, 427 Pa. 352, 235 A.2d 154 (1967); Kotwasinski v. Rasner, 436 Pa. 32, 258 A.2d 865 (1969); Toth v. Philadelphia, 213 Pa. Superior Ct. 282, 247 A.2d 629 (1968); McFadden v. American Oil Co., 215 Pa. Superior Ct. 44, 257 A.2d 283 (1969).

"The burden of proving the absence of any genuine issue of fact is on the moving party and all doubt in reference thereto must be resolved against that moving party. Schacter v. Albert, 212 Pa. Superior Ct. 58, 239 A.2d 841 (1968).

"The burden of the nonmoving party where summary judgment is requested is not the same as the burden during a trial of the issues; it need only be shown that there is a genuine issue as to any material fact.": Prince v. Pavoni, 225 Pa. Superior Ct. 286, at pp. 288-289, 302 A.2d 452 (1973).

In the case at bar, the issue presented at this time is whether or not Josephine was in fact lulled into a false sense of security by Reliance to the extent that Reliance would be prevented from raising the bar of the statute of limitations. The case at bar is very simi-

lar to the case of Terpeluk v. Insurance Company of North America, 189 Pa. Superior Ct. 259, 150 A.2d 558 (1959), in which the court held that whether or not the insurer misled the insured to assume that their claim was being processed for settlement was a question for the jury, and that the insured's action was not barred by the policy limitation of one year. In Terpeluk, supra, the court stated, 189 Pa. Superior Ct. (at pp. 263-265):

"A policy condition limiting the time in which suit may be brought is valid and reasonable, even though it shortens the statutory period otherwise applicable: Ercole v. Metropolitan Life Insurance Co., 155 Pa. Superior Ct. 549, 39 A.2d 293; Tellip v. Home Life Insurance Co., 152 Pa. Superior Ct. 147, 31 A.2d 364. However, it has been held that such a condition may be 'waived' by the insurer: Bonnert v. Pennsylvania Insurance Co., 129 Pa. 558, 18 A. 552. In O'Connor v. Allemannia Fire Insurance Co., 128 Pa. Superior Ct. 336, 194 A. 217, President Judge Keller said: 'Some confusion has resulted from a careless and, perhaps, not wholly accurate use in the decisions of the words "waive" and "waiver" in connection with the clause in the policy limiting the time within which an action may be brought upon it, when what was really meant was such conduct on the part of the insurer or its authorized representatives as to excuse the insured from strict compliance with the terms of the policy and to extend the period for bringing suit. This result may have been contributed to by applying to a mere extension of the limitation of suit clause in the policy the same effect as the law attaches to an express or implied waiver of proofs of loss, or waiver of ground of forfeiture or avoidance of the policy, which are of a nature, that once waived they cannot be revived and thereafter insisted upon by the insurer, unless the waiver was obtained by fraud on the part of the insured . . . Undoubt-

edly there may be an express waiver of the limitation of suit clause in the policy, and when there is such a definite waiver, it is no longer in force and thereafter the statutory limitation as to contracts applies; but our Supreme Court has ruled that when the insured seeks to excuse his failure to bring suit within the period of time fixed in the policy by conduct of the insurer which misled the insured to his injury—the failure of the insured to bring suit within the prescribed time being due to the insurer's act or conduct—, the limitation has not been fully and completely waived, in the strict sense of the word, but has only been suspended or extended, and begins to run when the insurer's conduct no longer excuses the insured's failure to bring suit . . .

" 'Following the decisions . . . we now definitely hold that where the acts or conduct of the insurance company and its duly authorized representative have been such as to estop it from strictly enforcing the limitation clause prescribed in the policy, resulting in its suspension, postponement or extension, the clause begins to run again when the company definitely announces its refusal to pay under the limitation clause and the insured, who is in full possession of the facts, must bring his or her action within a reasonable time thereafter, not exceeding twelve months following such refusal'."

Considering the factual situation detailed in the depositions and correspondence which is attached in the record, we are compelled to submit this factual issue to the jury in same manner as it was handled in Terpeluk, supra.

The deposition of Josephine reveals that claimant was informed by the main office in Philadelphia that a claims manager would be in touch with her and in fact never did contact the insured. In addition, there was some question as to whether or not Josephine was

misled by the main office and the failure of Reliance to give prompt attention to the disposition of the claim.

We are not unmindful of the cases cited, such as Schaffer v. Larzelere, 410 Pa. 402, 405, 406, 189 A.2d 267 (1963); and O'Connor v. Allemannia Fire Insurance Co., 128 Pa. Superior Ct. 336, 194 Atl. 217 (1937), as well as other cases cited in defendant's thorough and comprehensive brief.

After considering the entire record in this case and being mindful of the prerequisites for granting a summary judgment, we find ourselves in a position where we are unable to declare as a matter of law that Reliance may enforce the limitation clause prescribed in the policy.

Accordingly, we enter the following

## ORDER

It is ordered, adjudged, and decreed that the motion for summary judgment is hereby denied.