**Moore v. Nationwide Insurance Co.**

*Anne N. John,* for plaintiff.
*Daniel J. Weis,* for defendant.

GRIMES, *P.J.,* May 5, 1992—Thomas Moore, the plaintiff, owned a mobile home on a tract of land in Greene County. The home, including its contents, and a garage were insured by Nationwide Insurance Co., the defendant. On or about August 24, 1988, the home was destroyed by fire of unknown origin. Mr. Moore timely filed a claim of proof with Nationwide for the loss. Nationwide then informed Mr. Moore by a letter dated September 14, 1988, that they were investigating the circumstances of the fire. In a letter dated December 30, 1988, Nationwide formally denied Mr. Moore's claim on the grounds that he had increased the hazard, that he had not truthfully answered questions concerning the loss, and that the "fire was not accidental."

Subsequently, criminal charges were filed against Mr. Moore by the State Police Fire Marshall as a result of the fire. On October 12, 1989, a jury found him not guilty of the arson charge. Approximately nine months later, on or about July 3, 1990, Mr. Moore instituted this action against Nationwide seeking the benefits which were denied in December 1988. Nationwide responded by asserting that this suit was not timely filed pursuant to 40 P.S. §636 and thereafter filed a motion for summary judgment on the basis that the suit was not timely filed within the one-year provision set forth in the policy.

In order for a motion for summary judgment to be granted, Nationwide must show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. 42 Pa.C.S. §1035. Further, summary judgment may only be granted in cases which are free from doubt, and all facts and inferences must be viewed in favor of the non-moving party. See *Thompson Coal Co. v. Pike Coal Co.,* 488 Pa. 198, 412 A.2d 466 (1979); *Spain v. Vicente,* 315 Pa. Super. 135, 461 A.2d 833 (1983); *Dorohovich v. West American Insurance Co.,* 403 Pa. Super. 412, 589 A.2d 252 (1991).

Nationwide contends that Mr. Moore is barred from bringing this suit by the one-year limitation provision. Fire insurance policies are required to include a provision under which an insured must bring all suits against the insurer within one year of the date that the loss occurred. 40 P.S. §636(2). This provision has been upheld as being constitutional by several courts. In *Schreiber v. Pennsylvania Lumberman's Insurance Co.,* 498 Pa.. 21, 444 A.2d 647 (1982), the Supreme Court upheld the limitation as a reasonable provision set forth by the legislature by which insurers limit their exposure to suits by insureds. See also *O'Connor v. Allemannia Fire Insurance Co. of Pittsburgh,* 128 Pa. Super. 336, 194 A. 217 (1937); *General State Authority v. Planet Insurance Co.,* 464 Pa. 162, 346 A.2d 265 (1975); *Diamon v. Penn Mutual Fire Insurance Co.,* 247 Pa. Super. 534, 372 A.2d 1218 (1977). *Schreiber* also states that the insurer need not show that they have been prejudiced by the insured's delay. *Schreiber, supra.* The policy issued by Nationwide to Mr. Moore does include the one-year limitation provision. Mr. Moore was bound to file suit prior to the expiration of the one year, and there is no question that the suit was filed after the one-year limitation had expired.

However, the mere existence of the "one-year" provision is not conclusionary. Courts have consistently ruled that an insurer may waive the limitation or be estopped from reliance on the limitation upon a showing that the insurer's words and actions induced, misled or otherwise persuaded an insured from filing the suit within one year. *O'Connor, supra; Diamon, supra; Lardas v. Underwriters Insurance Co.*, 426 Pa. 47, 231 A.2d 740 (1967).

The court in *Diamon, supra,* set forth two questions which must be answered in determining whether the insured had waived or is estopped from enforcing the limitation clause. The first question posed is whether the insured "[took] some action that suspended the clause." *Diamon, supra* at 541, 372 A.2d at 1221. In *Diamon,* the insurer prompted the district attorney to file a charge of filing a false claim against Mr. Diamon asserting that he had removed the furniture claimed as lost from the mobile home prior to the fire. Mr. Diamon was found guilty, but was later granted a new trial when pieces of the furniture were excavated from beneath the rubble of the fire. The case was subsequently nolle prosequied, but Mr. Diamon believed that a later prosecution on this charge could still occur if he filed suit against the insurer. This prompted him to wait nearly five years before filing suit against the insurer. Our Superior Court concluded that the insurer's act of filing charges against Mr. Diamon was sufficient to suspend the clause. *Diamon, supra* at 543, 372 A.2d at 1222-23.

Mr. Moore was informed by Nationwide that an investigation was being done. However, the letter clearly states that this investigation was not intended as a waiver or estoppel with regard to the one-year limitation. Mr. Moore was charged with arson at No. 61, Criminal Sessions, 1989 by the State Police Fire Marshall in connection

with the fire. There is nothing in the pleadings to indicate that Nationwide has waived the provisions of 40 P.S. §636(2), nor that they have committed any act amounting to estoppel as addressed in *Lardas, supra; Diamon, supra;* and *O'Connor, supra.**

## ORDER

And now, May 5, 1992, it is ordered that the defendant's motion for summary judgment is granted and the plaintiff's complaint is dismissed.

---

\* Since an affirmative answer is required to the first question set forth in *Diamon, supra,* prior to considering the second question, the negative answer negates the necessity of discussing the second question.