# Coursin *versus* The Pennsylvania Insurance Company.

| 46 | 323 |
| 128 | 392 |
| 46 | 323 |
| 129 | 562 |
| 46 | 323 |
| 134 | 600 |

*Record of proceedings in Circuit Court of Illinois, admissibility of.—*
*Waiver of condition in policy of insurance.*

1. The record of proceedings in the Circuit Court of Illinois in equity,
under which the legal title to real estate was decreed to the equitable owner,
was held admissible in an action on an insurance policy as evidence of the
existence of an insurable interest in the party insured at the date of the
policy, although the proceedings were not commenced until after the loss had
occurred on which the action was founded.

2. A limitation or condition in a policy of insurance intended for the benefit
of the corporation may be waived by it, and the fact of waiver is a question
for the jury.

ERROR to the District Court of *Allegheny county.*

This was an action of covenant, by Benjamin Coursin against
The Pennsylvania Insurance Company on a policy of insurance,

[Coursin *v.* Pennsylvania Insurance Co.]

to which defendants pleaded *non est factum*, covenants performed *absque hoc*, plaintiff had no insurable interest in the property, to which was added an additional plea, setting forth that by the conditions of the insurance, a suit for any loss or damage was not sustainable, unless commenced within six months next after such loss or damage occurred.

The material facts of the case were as follows:—On the 20th day of July, A. D. 1860, Benjamin Coursin effected an insurance to the amount of $1500, " on his two-story frame building, used as a flouring-mill, propelled by steam, including machinery and fixtures therein, situate at Hayworth Station, McLean county, Illinois, privilege $4500 additional insurance, to commence at noon of the 20th of July 1860, to end at noon on the 20th of July 1861," in the Pennsylvania Insurance Company.

The property insured was totally destroyed by fire on the 7th October, A. D. 1860, and the defendant was called upon to pay the amount of the policy.

The defendant, in connection with other companies which had taken risks upon the same property, upon receiving notice of the loss, sent an agent to make inquiries in regard to the matter. Upon investigation, the agent was of opinion that at the time of the insurance, and also at the time of the loss, the plaintiff had no legal title in the property insured, but that the title to the property was probably in Isaac N. Coursin, son of the defendant, and Robert M. Wilson, who had been engaged in running the mill.

He reported this discovery to the companies, the defendant among them, and they all declined to make payment of the amount called for in their policies.

The plaintiff, either in person or by the various agents and attorneys employed by him in the matter, from time to time, called at the office of the company, to ascertain if some settlement or compromise of the claim could not be made, but was uniformly told that the company declined paying, on the ground of a want of such an insurable interest in the property, in him, as had been set forth in his application for insurance.

This suit was commenced on the 14th of January, A. D. 1862, more than fifteen months after the loss; a declaration was filed, to which the company replied by pleading as above stated.

The conditions in the policy were as follows:—

" 3. If the interest in the property to be insured be not absolute, it must be so stated in the policy, and the nature of such interest must be specifically described; otherwise this policy shall be void. And if the property herein insured, or any part of it, shall be transferred by any contract, or any change of any partnership or ownership, then this policy shall be void, unless the consent of the secretary thereto be endorsed on this policy.

" 4. Property held in trust, or on commission, must be insured

as such, otherwise the policy will not cover such property; and in case of loss, the names of the respective owners shall be set forth in the preliminary proofs of such loss, together with their respective interests therein. Goods on storage must be separately and specifically insured, and if the insured party be the manufacturer of any goods destroyed or damaged, such loss or damage shall be appraised at the expense of manufacturing the same, including the cost of materials.

"14. It is furthermore hereby expressly provided, that no suit or action of any kind against this company, for the recovery of any claim upon, under, or by virtue of this policy, shall be sustained in any court of law or equity, unless such suit or action shall be commenced within the term of six months next after the cause of action shall have accrued."

The pleas above mentioned raised the main points at issue in the cause upon the trial below.

In answer to the first of these pleas, the plaintiff produced and offered in evidence a transcript of the records and files in the office of the clerk of the Circuit Court in and for the county of McLean, in the state of Illinois, pertaining to a certain cause lately pending in said court, wherein Benjamin Coursin was complainant and the Illinois Central Railroad Company and others were defendants.

The transcript showed that the proceedings were commenced on the 30th day of June, A. D. 1862, and consisted of a bill to quiet title, and to compel the specific performance of a contract, resulting in a conveyance by order of the chancellor of the legal title of the plaintiff, he having shown that he was for a long time owner of the equitable title.

The defendant's counsel objected to the transcript as a whole, and also to the various parts thereof: First. Because it is not evidence of the facts recited in the bill, answers, and decree. Second. Because it is not the best evidence to show that plaintiff acquired an interest in the property insured in 1858. Third. Because the record is res inter alios acta, showing an amicable proceeding between plaintiff and his son and son-in-law, to perfect a title in plaintiff, after the fire commenced. Fourth. That the record is irrelevant. Fifth. That the record is incompetent testimony to show any title in plaintiff prior to the decree of the court of September 22d 1862.

The testimony was admitted, and, under the charge of the court, determined the first point of defence against the company.

The plaintiff below sought to avoid the force of the plea of the limitation of the time for bringing the action by testimony which, under the rulings of the court below, the jury found to amount to a waiver of that clause of the conditions of insurance

[*Coursin v.* Pennsylvania Insurance Co.]

At the close of the trial, the defendants requested the court to charge the jury,

1. That the plaintiff cannot recover, unless he had an insurable interest in the property insured at the time the policy was issued, as well as at the time of the loss; nor unless upon this trial he has proven that he had such an interest.

2. That the 3d condition of insurance in the policy is a part of the contract, and is binding on the plaintiff; and if the plaintiff's interest in the property insured was not absolute when the insurance was effected, it should have been so stated in his application and in the policy, and the nature of such interest should have been specifically described, and if this was not done, the policy is void, and plaintiff cannot recover.

3. That the plaintiff has not shown any title in himself to the property insured at the time the policy issued, nor at the time of the loss, and therefore cannot recover.

4. That the exemplification of the record of the Circuit Court of Illinois does not show an insurable interest in the plaintiff at the time of the loss; nor has there been any evidence of such interest offered.

5. That if the record of the Circuit Court of Illinois is evidence at all, it is only evidence of the fact that a decree was made directing Wakefield and the Illinois Central Railroad Company to execute a deed to plaintiff. It is not evidence of the grounds upon which the decree was based.

6. That the bill and answer, and the copies of papers thereto attached, which were filed in the Circuit Court of Illinois, and which are set forth in the exemplification of the record, are not evidence in this cause.

7. That there is no evidence that the plaintiff ever had any interest of any kind in the property insured; nor is there any evidence that he had any interest in the lots upon which the insured building had stood, except the deed from the commissioner in chancery, executed September 22d 1862—nearly two years after the loss.

8. That the alleged trust deed to R. E. Williams (a copy of which is set forth in the record of the Circuit Court of Illinois), is not in evidence in this cause, and if it was it would not show an insurable interest in the plaintiff in the property insured.

9. That the plaintiff has not proven an absolute interest in the property insured, and cannot, therefore, recover.

10. That the affidavit of the plaintiff of November 2d 1860, shows that up to and after the fire he had no title or absolute interest in the property insured.

11. That the second paragraph of the 13th condition in the policy sued on is a part of the contract between the parties, and is binding on the plaintiff, and plaintiff cannot recover unless

this action was commenced within six months next after the cause of action accrued.

12. That the fire was the cause of action, and inasmuch as suit was not brought within six months thereafter plaintiff cannot recover.

13. That the suit was not brought within the time limited by the condition of the policy, and plaintiff cannot recover.

14. That the stipulation in the conditions of insurance in the policy sued on, "that no suit or action of any kind against this company, for the recovery of any claim upon, under, or by virtue of this policy, shall be sustainable in any court of law or equity, unless such suit or action shall be commenced within the term of six months next after the cause of action shall have accrued," is binding upon plaintiff, and proof of the waiver of it must be positive before plaintiff can recover in this action, brought more than six months after the cause of action had accrued.

15. That negotiations from time to time between plaintiff and his counsel and the agent or officers of the insurance company, with a view to a compromise, without any express agreement to suspend legal remedies to await the issue of those negotiations, do not, in the absence of fraud upon the part of the company, defeat the clause of limitation.

The learned judge (WILLIAMS, J.), before whom the cause was tried, affirmed the 1st and 2d points, negatived the 3d, 4th, 5th, 6th, 7th, 8th, and 9th, and disposed of the remaining points as follows :—

"10. If the plaintiff had no other title to the property insured except that set out in his affidavit, the law would be as stated in this point; but the plaintiff has shown by the record of the Circuit Court of the state of Illinois, given in evidence, that he had a good equitable title to said property, and there is nothing in the affidavit that expressly contradicts the allegations of the said record.　So far as respects the allegations actually made in the affidavit, they correspond with the facts set out in the record—the only difference being that the record sets forth facts not mentioned in the affidavit.

"The title shown by the record can only be impeached by proof of fraud or collusion, of which there is no evidence in this case.

"11th, 12th, 13th, 14th, and 15th. The second paragraph of the 13th condition in the policy sued on, to wit: 'That no suit or action of any kind against this company for the recovery of any claim upon, under, or by virtue of this policy, shall be sustainable in any court of law or equity, unless such suit or action shall be commenced within the term of six months next after the cause of action shall have accrued,' is a part of the contract

[Coursin *v.* Pennsylvania Insurance Co.]

between the parties, and is binding on the plaintiff; and as this action was not commenced within the time limited in the said condition, viz., within six months next after the cause of action accrued, the plaintiff is not entitled to recover unless the insurance company, by its authorized agents, waived the said condition, or did such acts and things as would amount to and constitute positive fraud, if the said company is now permitted to set up the said condition to defeat this action.

"This condition, although a part of the contract, was for the benefit of the company, and the company might waive it. But before the jury would. be justified in finding that it was waived by the company, they should have satisfactory evidence of the fact. .The evidence must show, to the satisfaction of the jury, that the company either expressly or impliedly waived the condition. The plaintiff alleges that the company, in the negotiations which took place, waived the condition. The defendant denies this, and as the evidence on this point is conflicting, it will be for the jury to determine whether this condition was in point of fact waived or not. If it was, the plaintiff may recover; otherwise your verdict will be for the defendant.

"This sufficiently answers defendant's points, and embraces all the instructions necessary to be given to the jury on the questions of law arising in this case.

"There are in reality but two questions raised by the defendant's points: .

"The first is a question of law for the court, viz.: Had the plaintiff an insurable interest in the property insured, and has he shown such a title thereto as will enable him to maintain this action? This question we have already answered in the affirmative. The remaining question is one of fact, for the determination of the jury, viz.: Has the defendant waived the condition in the policy which requires suit or action to be commenced within the term of six months next after the cause of action shall have accrued? If so, the plaintiff is entitled to recover; but if not, then the jury will find for the defendant."

Under these instructions there was a verdict and judgment in favour of the plaintiff. Whereupon the defendant sued out this writ, and assigned for error the admission in evidence of the record of the Circuit Court of Illinois, and the refusal of the court below to affirm defendant's 5th, 6th, and 8th points, and in answering the 10th, 11th, 12th, 13th, 14th, and 15th points, as above stated.

*James H. Hopkins* and *C. B. M. Smith*, for plaintiff in error.

*R. & S. Woods* and *John Barton*, for defendant in error.

The opinion of the court was delivered by

THOMPSON, J.—All the assignments of error present, substantially, but two questions. First, to the admission of, and rulings of the court upon, the record from the Circuit Court of Illinois; and secondly, their instructions relative to the condition in the policy limiting the time within which an action may be brought for a loss, including their views in regard to the alleged waiver by the agent of the company.

The record of the proceedings in equity in the Circuit Court of Illinois, was received, not on the footing of a decree, or judgment between the parties, but as the proceedings in a mode of assurance well known in chancery. They all converged to a point with a view to, and resulting in, a conveyance by order of the chancellor, of the legal title of the plaintiff, he having shown that he was the owner of the equitable title, for a long period of time anterior to instituting the proceedings. The whole was but the *formula* in such an assurance, and it was all evidence, if any part was.

The decree for a deed, a step in the process, was, as must always be the case, founded on facts proved or admitted, deemed sufficient to establish the right of the plaintiff to the interposition of the court. Amongst them were the facts, that the plaintiff in the case had advanced to Coursin & Wilson, the equitable owners, all the money to build the property, and taken their notes, secured by a trust-deed, for their payment; that, being wholly unable to pay, they sold the property to the plaintiff, delivering to him full possession, which he held thereafter, together with their muniments of title, in consideration of a surrender to them of the evidences of their indebtedness. That this was done with the consent of the trustee, of course rendered unnecessary a sale by him. This arrangement was some two years before the insurance. It appearing thus, that the plaintiff was the rightful owner of the equitable estate in the premises, the court decreed that a deed should be made to him of the legal title, and accordingly decreed it to be done.

The objection to this record is, that it is *res inter alios acta.* But it was no more obnoxious to such an objection than would be a sheriff's deed, where the judgment, *fi. fa.*, inquisition, *venditioni* and return are evidence to support it. Many of these steps may be, and often are, by arrangement between the parties, such as confession of judgment, waiver of inquisition, and sometimes of both inquisition and *venditioni*, assenting to a sale on the *fi. fa.* Yet all these things are evidence. The same objection might be made to articles of agreement, ordinary deeds, Orphans' Court sales, treasurers' sales, and the like, but we know that such objections are never made when they are offered to prove title. A party may often go behind his deed, to his article of

agreement, to fix the commencement of his title. Here the commencement of the plaintiff's title was an element in the proceedings, and they show it, and it is *primâ facie* established by the decree. The defendants were not precluded from showing the contrary, notwithstanding the decree. If the plaintiff had held a written transfer of the equitable interest of Coursin & Wilson, of the date of the actual transfer of possession, I presume no one would have thought of objecting to it as incompetent evidence. It would, however, have been but another mode of showing that the equitable owners had transferred the property to him, but not the only one. The whole proceedings were evidence of title, and given in evidence as title, with no more effect than title derived in any other way, and they show, and were evidence for that purpose, the whole title, when it began and when consummated. The other side might have controverted any step in it if they could. It clearly established the plaintiff's equitable ownership of the property at and before the insurance was effected. The case of Lentz *v.* Wallace, 5 Harris 412, cited by the plaintiffs in error, is not in point. In that case the record of a former judgment between the same parties (but for a different cause of action) was offered to establish the fact that in a former suit the plaintiff had recovered against him on a claim for necessaries furnished his wife, the same plaintiff having sued again for a similar claim. It becoming necessary to establish that the defendant had turned his wife out of doors, the former judgment in a suit for necessaries was offered to establish it. It was rejected, because it did not necessarily tend to prove the allegation; Lewis, C. J., saying, " The husband is liable for *necessaries* furnished his wife, whether he cohabits with her, or turns her out of doors without cause, and the record of the former judgment does not show upon what ground the recovery was obtained." This case, therefore, bears no resemblance to the case in hand. We think there was no error in admitting this record in evidence, nor in the effect allowed to it by the learned judge in his charge.

As to the second question involved, we need say but little. The limitation contained in the 16th Article of the Conditions of Insurance, as was remarked by the learned judge below, was inserted by and for the benefit of the company, and could be waived by it. This is undoubtedly true, and for it no citation of law is needed. The only question, then, on this branch of the case, was a question of fact, to wit, was the condition waived, and waived by competent authority? The testimony touching this point of inquiry was fairly submitted to the jury, accompanied by pertinent and appropriate remarks by the judge. This was all that could properly be done by him. Indeed, I presume there was but little doubt about the existence of the agency, the

[Coursin *v.* Pennsylvania Insurance Co.]

acts and declarations of which were given in evidence, or the extent of its powers, for I noticed that the agent was examined as a witness, and did not controvert either, but only the acts and declarations attributed to him. The jury found with the plaintiff on the facts, and whether rightly or not is not our province to judge. As to the law of the case, we think it was rightly administered.

If the company did not intend to rely on the condition, why did it not say so, and relieve the party from further anxiety and trouble about it? If it acted and promised, after the action was legally barred, as if it did not intend to insist on the limitation, and put the party to trouble, expense, and anxiety, in regard to his claim, they need not complain of a jury finding that they did waive it. Under such circumstances, juries will be very likely to do so, and sometimes probably on pretty slight evidence. As we see nothing wrong in this record,

The judgment is affirmed.