## Abolin v. Farmers' American Fire Insurance Company.

*Webster Grim*, for plaintiff; *Thomas Ross*, for defendant.

RYAN, P. J., May 7, 1928.—This suit was brought to recover the amount of insurance due upon a certain policy of insurance issued to the plaintiff by the defendant. The property insured, according to the statement of claim, was destroyed by fire on Jan. 8, 1926. It is averred in the statement of claim (paragraph 9) that "immediately after the said fire the plaintiff gave notice thereof, as required by the said policy, to the defendant, and thereafter, on Jan. 16, 1926, met the committee selected by the defendant to appraise and adjust the loss and damage, and submitted his proofs of loss, and to such further examination as is provided under the terms of the said policy." The affidavit of defense questions the sufficiency of the averments of notice and proofs of loss, but we think them sufficient under Miller *v.* German-American Fire Insurance Co., 26 W. N. C. 204. The policy sued upon contains the following provision: "Article 43. No suit or action on this Policy for the recovery of any claim shall be sustainable in any court of law or equity unless the claimant shall show compliance with all the requirements of this Policy and the Constitution and By-Laws, nor unless commenced within twelve months next after the fire, storm or lightning causing the loss for which claim is made." The affidavit of defense invokes this limitation of time on the bringing of suit, and avers that as this was done on Jan. 29, 1927, and as it is averred in the statement that the fire occurred Jan. 8, 1926, it was not brought in time, and must, therefore, be dismissed. The statement of claim contains the following averment: "Thereafter, during the summer of the year 1926, at several interviews between the plaintiff and William Frankenfield, one of the appraisers, investigators and directors of the defendant company, and with other officers and directors thereof, the said directors informed the plaintiff that the damages and loss would be paid to the plaintiff unless the company could prove that the said fire was of incendiary origin, or language conveying the same meaning, and asked for additional time for the investigations then being made and to be made by the officials of the State of Pennsylvania, which additional time, upon the request of said directors, the plaintiff granted." A condition in an insurance policy that a failure to bring suit within a certain time after loss shall preclude a recovery is a contract . . . and may be waived by the insurer, or he may be estopped by his act from insisting upon its enforcement: 14 Ruling Case Law, § 584. According to the statement of claim, it was not until Jan. 10, 1927, two days after the expiration of the limitation of twelve months from the fire, that defend-

ant, through their counsel, orally refused to pay the claim. The company appears from the statement to have delayed the matter until this time and to be responsible for the failure of the plaintiff to bring suit within the time limit. Under these circumstances, the company cannot now set up the limitation provided in the policy. "A limitation or condition in a policy of insurance intended for the benefit of the corporation may be waived by it; and the fact of a waiver is a question for the jury:" Coursin *v.* Insurance Co., 46 Pa. 323. We conclude, therefore, that this affidavit of defense is insufficient and must be overruled.

And now, to wit, May 7, 1928, the affidavit of defense raising questions of law is overruled, with leave to the defendant to file a supplemental affidavit of defense within fifteen days from this date.

From Calvin S. Boyer, Doylestown, Pa.