## Sudnick, Appellant, *v.* Home Friendly Insurance Company of Maryland.

Argued March 11, 1942.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, RHODES, HIRT and KENWORTHEY, JJ.

*Error assigned,* among others, was direction of verdict for defendant.

*Henry Houck,* with him *W. J. Krencewicz,* for appellant.

*James J. Gallagher,* of *Gallagher & Gallagher,* for appellee.

OPINION BY KELLER, P. J., July 23, 1942:

This action in assumpsit was brought on a life insurance policy issued by the defendant on November 30, 1930 in the amount of $728. The insured was Charles Sudnik. The beneficiary was his son, Ben Sudnick, this appellant. The age of the insured was stated in the policy to be 55 years, and the weekly premium payable, based on that age, was $1.30.

The policy contained two clauses or conditions which are relevant in this case: "9. No suit or action at law or in equity shall be maintainable to enforce the performance of this contract ...... unless such suit or action shall be commenced within six months next after the decease of the person insured under this Policy; and it is expressly agreed that should any such suit or action be commenced after the expiration of said

six months, the lapse of time should be deemed as conclusive evidence against the validity of such claim, any statute of limitation to the contrary notwithstanding.

"14. ...... In case of mis-statement or mistake in age the Company can only be held liable for the amount on its tables at the proper age, and the beneficiaries must prove the proper age reasonably satisfactory. This policy is incontestable after three years from date for any cause except fraud or mis-statement of age."

The insured died on July 21, 1938, after the policy had been in force nearly eight years.

Proofs of death were duly submitted and on September 30, 1938 formal demand was made on the defendant on behalf of the beneficiary, by his attorney, Mr. Krencewicz, for payment of the moneys due under the policy.

To this defendant replied by letter dated October 4, 1938, enclosing a release to be signed by the beneficiary, and offering to pay $346.52 in full settlement, as follows:

| | |
|---|---|
| Death Claim ............ | $338.00 |
| Advance Premium Return | 2.60 |
| Voluntary Mortuary Bonus | 5.92 |
| Total | $346.52 |

The amount payable on the death claim was calculated on the age of the insured being 67 years—instead of 55—it being alleged that the insured's petition for naturalization set forth that he was born on June 4, 1864, and that his age at the issuance of the policy was 66 years 5 months and 20 days.

To this Mr. Krencewicz replied asking the amount of the mortuary bonus payable according to the tenor of the policy *as written,* that is, on the basis of the insured being 55 years old when the policy was issued, in order that he might know the amount payable under the policy in case it was necessary to bring suit.

This information was never given although repeatedly asked for.

Shortly thereafter the defendant referred the matter to its local attorneys, Gallagher & Gallagher, who on October 7, 1938 so notified Mr. Krencewicz and suggested their desire to discuss the claim with him "and perhaps we can come to a prompt adjustment in the matter."

Mr. Krencewicz on October 19, 1938 asked Mr. Frank Gallagher—who handled the matter for Gallagher & Gallagher—for the same information he had requested from the company, viz., the amount of the mortuary bonus payable under the policy if the insured's age was correctly stated in the policy. This was never complied with.

Negotiations continued between Mr. Krencewicz and Mr. Gallagher[1] until August 8, 1939 when Mr. Krencewicz wrote Mr. Gallagher, referring again to his request concerning the mortuary bonus, affirming that the insured's age had been correctly stated in the policy, but stating, *inter alia:* "Having relied upon your request for an amicable settlement yet without having received any fair offer, I am directing the following offer to your attention ...... in an effort to dispose of the case without further delay and without recourse to legal proceedings, I am submitting, on behalf of Ben Sudnick, the beneficiary, an offer of settlement; said offer, however, not to prejudice in any way the rights of the said Ben Sudnick and not to be used in any way against him in the event that settlement is not made as a result hereof. The offer is that the beneficiary will accept $585 in full settlement of all claims and demands he may have against the Home Friendly Insurance Company on account of a certain policy of insurance issued on the life of Charles Sudnick—No. 1918706. I shall very much appreciate receiving an early reply

---

[1] In none of them did Mr. Gallagher ever deny liability on the policy or assert that the claim was barred by the limitation in the policy.

concerning the acceptance or refusal of the offer contained herein."

To this Mr. Gallagher replied by letter the next day, August 9, 1939, stating that "the sum due on the aforesaid Mortuary Bonus is $5.92", and continuing: "I have been advised by the Company *that the claim due on the policy can be paid.* The amount that the Company will pay is the sum of $346.52 which represents $338 death benefit due on the basis of the age 67 years plus $2.60 advance premiums returned and $5.92 Voluntary Mortuary Bonus. If the beneficiary will accept this amount I will forward a release for execution and will see to it that a voucher is in your hands promptly." (Italics supplied).

It will be noted that this letter was written a year and nineteen days after the death of the insured, and six months and nineteen days after the time limit fixed in the policy for bringing suit.

The offer was not accepted by the claimant and, his attorney having learned definitely on October 30, 1939 that it would not be increased, on December 18, 1939 this action was brought.

In its affidavit of defense the company averred that the insured was sixty-seven years of age when the policy was issued, instead of fifty-five, as stated in the policy, "and that under the provisions ...... of the policy it became liable to the plaintiff upon the death of Charles Sudnik only for the amount of insurance obtainable at his proper age according to its tables, and that the amount of insurance to which the said Charles Sudnik was entitled at his proper age was $338, and the plaintiff was entitled to recover in addition the following sums: $2.60 advanced premium, $5.92 voluntary mortuary bonus. The defendant further says that the plaintiff is not entitled to recover in this action because the plaintiff failed to institute his suit upon the policy of insurance within six months from the

date of death of Charles Sudnik in accordance with the conditions of the policy."

At the trial, the foregoing matters, *inter alia,* were introduced into evidence. The court, on motion of the defendant, struck out the testimony of Mr. Krencewicz that "as late as the time of filing suit Mr. [Frank] Gallagher said that he would not raise that defense" [that is, that the action was not brought within six months after the insured's death]; and later gave binding instructions in favor of the defendant, because the suit was brought too late. From the judgment entered on the directed verdict, the plaintiff appealed. The judgment will be reversed.

To support its action, the majority of the court below —Judge PALMER dissenting—relied largely on the case of *O'Connor v. Allemannia Fire Ins. Co.,* 128 Pa. Superior Ct. 336, 194 A. 217. The facts in that case were very different from those in the present case and, in consequence, the court has misapplied the principles there laid down.

We pointed out in that case, preliminarily to a discussion of the cases considered by us, that "some confusion has resulted from a careless and, perhaps, not wholly accurate use in the decisions of the words 'waive' and 'waiver' in connection with the clause in the policy limiting the time within which an action may be brought upon it, when what was really meant was such conduct on the part of the insurer or its authorized representatives as to excuse the insured from strict compliance with the terms of the policy and to extend the period for bringing suit. This result may have been contributed to by applying to a mere extension of the limitation of suit clause in the policy the same effect as the law attaches to an express or implied waiver of proofs of loss, or waiver of ground of forfeiture or avoidance of the policy, which are of a nature, that once waived they cannot be revived and thereafter in-

sisted upon by the insurer, unless the waiver was obtained by fraud on the part of the insured: 32 C. J. 1355, sec. 640; *O'Brien v. Sovereign Camp*, 122 Pa. Superior Ct. 39, 46, 184 A. 546."

Appellee's counsel mistakenly thought we were making a distinction between the verb 'waive' and the noun 'waiver'. We had no such thought or intention. We were referring to the distinction between 'waive' or 'waiver' on the one hand, and, on the other, 'conduct on the part of the insurer or its authorized representatives' such 'as to excuse the insured from strict compliance with the terms of the policy', and thus 'to extend the period for bringing suit'. To *waive* means to "relinquish voluntarily, as a right which one may enforce if he chooses" [Webster]; "To relinquish (a right, claim, or contention) either by express declaration or by some intentional act which by law is equivalent to this" [Shorter Oxford]. A *waiver* is simply the "Act of relinquishing something, as a right" [Webster]; "The action or act of waiving" [Shorter Oxford]. When a provision, condition or limitation in a contract is waived, it is given up, relinquished—it is gone. Waiver of protest, waiver of proofs of loss, etc. are examples of true waivers. In such case, protest need not be made; proofs of loss need not be furnished.

If there had been a *waiver* of the ninth condition in the policy, the plaintiff could have brought this action at any time within six years of the death of the insured. It cannot be contended that any such result followed the dealings and negotiations between these parties. Strictly speaking there was no *waiver* of the ninth condition. But the company could, if it saw fit, extend the time limit fixed in the policy for bringing suit. If in the course of the negotiations it gave plaintiff reasonable ground for believing that the time limit would be extended, or that such provision would not be strictly enforced, it could not subsequently insist

on its strict enforcement without giving him a reasonable time thereafter within which to bring his action. See *Bonnert v. Penna. Ins. Co.,* 129 Pa. 558, 562, 563, 18 A. 552; *Collins v. Home Ins. Co.,* 110 Pa. Superior Ct. 72, 75, 167 A. 621; *Sgro v. Stuyvesant Ins. Co.,* 132 Pa. Superior Ct. 444, 1 A. 2d 554; *Coursin v. Penna. Ins. Co.,* 46 Pa. 323; *O'Brien v. Sovereign Camp,* 122 Pa. Superior Ct. 39, 44, 184 A. 546; *Nanty-Glo Borough v. American Surety Co.,* 316 Pa. 408, 175 A. 536; *Hempfield Twp. School Dist. v. Cavalier,* 309 Pa. 460, 164 A. 602. Cf. also, in Landlord and Tenant Cases, *Cleveland v. Salwen,* 292 Pa. 427, 430, 431, 141 A. 155; *Steiner v. Marks,* 172 Pa. 400, 405-6, 33 A. 695; *Duffield v. Hue,* 129 Pa. 94, 109, 18 A. 566. We are of opinion that the conduct on the part of the defendant's authorized representatives, not only in continuing the negotiations[2] after the limitation period fixed in the policy had expired, without raising the question of limitation, but also in advising the plaintiff's attorney, nearly seven months after the expiration of the limitation period, "that the claim due on the policy can be paid" and offering to pay him $346.52, stating "If the beneficiary will accept this amount I will forward a release for execution and will see to it that a voucher is in your hands promptly", was such that the limitation period was extended during the negotiations so as to permit the plaintiff to bring suit within a reasonable time—but not in excess of six months—after its proposal of August 9, 1939 had been definitely rejected. At least, the jury could so find. In the *O'Connor v. Allemannia Fire Insurance Co.* case, the action was not brought until three years after the fire, and over two years after the limitation period of one year prescribed in the policy had expired; and nearly two years after

[2] Mere negotiations looking to a settlement, without more, do not amount to an extension of the limitation period. See cases under *O'Connor v. Allemannia Fire Ins. Co.,* supra.

the insurance company had definitely refused to pay the claim or any part of it.

The evidence in the present case was clear, definite and for the most part documentary, but if there was any question as to its truth, the plaintiff was entitled to show that the attorney for the company, who had been given authority to offer the plaintiff $346.52 nearly seven months after the expiration of the limitation period fixed in the policy, had stated to plaintiff's attorney, even as late as the time of bringing suit that he would not raise that defense. In the circumstances present in this case, the attorney had authority to make such a statement, and bind his client thereby.

The assignments of error are sustained, the judgment is reversed, and a venire facias de novo is awarded.