DISHNO and wife, Respondents, vs. HOME MUTUAL INSURANCE COMPANY, Appellant.

*February 7—March 7, 1950.*

For the appellant there was a brief by *Byrne, Bubolz & Spanagel* of Appleton, and oral argument by *Robert L. Spanagel.*

For the respondents there was a brief by *Benton, Bosser, Becker, Parnell & Fulton* of Appleton, and oral argument by *David L. Fulton.*

FRITZ, C. J.  It is undisputed on this appeal that damage caused by a fire on February 16, 1948, rendered plaintiffs' building untenantable during the time required to put it in tenantable condition, and that for the loss of rent for that period they were to be indemnified under the policy in question if they complied with provisions therein. In the affidavits filed by plaintiffs in opposing defendant's motion for sum-

mary judgment, there are stated the following facts, as to which there is presently no denial by defendant, to wit:

That commencing about the middle of June, 1948, and continuing at intervals of every six weeks to two months thereafter, Charles J. Dishno conferred with W. G. Coggeshall, the authorized representative of the defendant, relative to the settlement and adjustment of plaintiffs' loss; and at no time during said discussions, or until after the commencement of this action, did the defendant deny that the policy in question was in full force and effect; that the sole subject of said discussions and conversations between Dishno and Coggeshall was the amount of said loss and length of time that would reasonably be required, with the exercise of due diligence and dispatch, to put the premises in a tenantable condition; and at the close of each conversation Coggeshall would invite and encourage Dishno to contact him later with respect to the progress made in the restoration of the insured premises, and with respect to the settlement and adjustment of the plaintiffs' loss under the policy; that during the forepart of the negotiations, Coggeshall offered a settlement based on three months as being the reasonable time required to restore the premises to a tenantable condition, and as a result of the further negotiations of the parties and the result of delays in the restoration of said premises not originally foreseen in the earlier discussions of the parties, Coggeshall increased his offer to a settlement on a five months' basis in January, 1949, prior to the expiration of one year from the date of the fire; that as a result of said conversations, acts, and representations of Coggeshall, plaintiffs were induced to and did in fact believe that defendant was merely bargaining for a favorable settlement and that ultimately a settlement would be reached in excess of said five months' offer and on a basis acceptable to both parties, and by reason of Coggeshall's representations and conduct plaintiffs were induced to and did in fact suspend the commencement of their action upon the policy until after the expiration of one year from the date of the fire; that after said date, Coggeshall still continued to negotiate with Dishno relative to the adjustment and settlement of said loss, and on March 19, 1949, Coggeshall, in the presence of affiant's attorney, David L. Fulton,

reiterated his offer of settlement on a five months' basis; that Dishno and Fulton made a counteroffer of settlement on an eight months' basis, and Coggeshall then stated that he would need to confer with defendant's attorneys and officers and would advise affiant and his attorney further; that during the course of said conversation Fulton asked for a form on which to submit proof of loss in the event that settlement could not be reached, and said form was furnished by Coggeshall without any statement to the effect that it was then too late to file a claim or that liability under the policy had expired by lapse of time. That approximately ten days to two weeks later Coggeshall communicated to affiant's attorney defendant's rejection of said offer of eight months, but Coggeshall reiterated his offer of settlement on a five months' basis; that on April 11, 1949, plaintiffs filed their proof of loss, and it was retained by the defendant until on May 5, 1949, it was returned to affiant's attorney with a letter in which defendant stated:

"That proof of loss is returned herewith. Proof of loss is not acceptable to us as: 1. Proof was not filed within the period provided by the policy. 2. Proof of loss does not properly describe the policy. 3. Amount of loss and claim improperly computed and is excessive."

Promptly upon the expiration of sixty days from the filing of said proof of loss plaintiffs commenced this action on June 20, 1949.

In view of the statements to the above effect in the affidavits filed by plaintiffs, and the absence of any denial thereof, presently, by defendant, its motion for summary judgment was rightly denied in view of the following matters. Apparently at no time during Charles J. Dishno's conferences with Coggeshall, and until after the filing of plaintiffs' proof of loss on April 11, 1949, was there any mention or suggestion by Coggeshall or otherwise by defendant, that the coverage by defendant's policy would not be extended to plaintiffs for their loss of rent as the result of the fire, or that they were or might be in default in any respect during the pendency of or as the result of their con-

tinuing conferences and negotiations with Coggeshall, which were invited and encouraged by him, and by which he caused plaintiffs to believe that defendant intended to and was as anxious as plaintiffs were to reach an amicable and equitable adjustment of their loss. During these conferences Coggeshall and Dishno were negotiating on solely the issue as to the amount of the loss sustained, and as a result of their conversations with Coggeshall, and his apparent willingness to dispose of the matter on an equitable basis, plaintiffs were induced to continue to believe that when the restoration of their building was completed an equitable adjustment would be made; and there was no suggestion to Dishno that any other act or compliance on his part was required. The natural result of Coggeshall's obvious willingness to continue the negotiations and of his even raising defendant's original offer, after the twelve months' limitation period had expired, had the effect of inducing plaintiffs to believe that a lawsuit would not be necessary. It was not until after Dishno's conversation on March 18, 1949, with Coggeshall, who then reiterated his offer of settlement on a five months' basis, that Dishno considered it necessary to consult his attorney; and it was not until Coggeshall, ten or fourteen days later again reiterated his offer of settlement on a five months' basis that plaintiffs had occasion to realize that resort to legal proceedings would be necessary. In view of those facts and circumstances, plaintiffs' failure to commence their action within the twelve months' limitation period can be deemed the direct result of defendant's acts and conduct in continuing the negotiations without any mention of the limitation in that respect under the policy. Consequently there are applicable the conclusions stated in *Killips v. Putnam Fire Insurance Co.* 28 Wis. 472, 482–485, that,—

"It does not seem to require much argument to demonstrate that if, by any act or omission of the responsible officers and agents of the defendant, the plaintiff should be

induced to suspend action in the premises, for a given time, such time should not be deemed a part of the twelve months to which his right of action is limited by the original contract. To hold otherwise would be in many cases to allow a person to take advantage of his own wrong. . . . The idea that the remedy on the policy may be lost under such circumstances, is not to be entertained for a moment. The plainest principles of justice demand that the time thus lost by the plaintiff without any fault on his part, but through the fault of the defendant, should be added to the time within which they contracted in the first instance that the action should be commenced, and the plaintiff be not barred of his remedy on the policy until such additional time has expired. . . . But to return to the subject of waiver. We have seen that if, by any act or omission of the defendant, acting through its authorized agents, the plaintiff was induced to suspend the making and furnishing of his proofs of loss for a given time, such act or omission operates as a waiver of the limitation clause in the policy to that extent, and the time thus lost is to be added to the twelve months prescribed by the policy, in determining the time within which the action thereon must be commenced." *Hart v. Citizens' Ins. Co. of Pittsburg,* 86 Wis. 77, 80, 56 N. W. 332; *Frels v. Little Black F. M. Ins. Co.* 120 Wis. 590, 597–599, 98 N. W. 522; *Fischer v. Harmony Town Ins. Co.* 249 Wis. 438, 447, 448, 24 N. W. (2d) 887.

If the matters stated in plaintiffs' affidavits are established on the trial, no part of the period during which they were induced by Coggeshall's acts and conduct to negotiate in good faith with defendant in order to adjust amicably and without suit the amount of the loss which they were entitled to recover under the policy can be counted as any part of the twelve months' period of limitation involved herein.

*By the Court.*—Order affirmed.