INSURANCE CO. OF NORTH AMERICA v. BOARD OF EDUCATION OF INDEPENDENT SCHOOL DISTRICT NO. 12, TEXAS COUNTY, OKl. et al.

No. 4378.

United States Court of Appeals Tenth Circuit.

May 5, 1952.

Rehearing Denied May 27, 1952.

Walter D. Hanson, Oklahoma City, Okl. (Stephen G. Evans, Oklahoma City, Okl., on the brief), for appellant.

Fisher Ames and James S. Twyford, Oklahoma City, Okl., for appellees.

Before HUXMAN, MURRAH and PICKETT, Circuit Judges.

HUXMAN, Circuit Judge.

This action was predicated on a fire insurance policy issued by the Insurance Company of North America, herein referred to as the Company, to the appellee, The Board of Education of Independent School District No. 12, Texas County, Oklahoma, herein referred to as the Board. The policy was the usual standard policy, insuring the property against loss from explosions, fires and other hazards. In its complaint the Board alleged that the loss to the School Board covered by the policy occurred from underground detonations

and explosive charges that were set off by the Texas Oil Company, engaged in oil explorations within a short distance of the school house.

In its answer the Company denied liability on two grounds, (1) that the damage to the building was not the result of the detonations and (2) that in any event the action was barred by the applicable statute of limitations. It also asked that the Texas Company be interpleaded and that it have judgment over against it as subrogee for such amount, if any, as judgment might be rendered against it. Trial was had to the court. It made findings of fact and conclusions of law and found the issues against the Company and based thereon entered judgment against it for the amount of the ascertained damage. The Company's right to subrogation against the Texas Company was denied because the Court held the Company guilty of inequitable conduct. This appeal challenges the correctness of the court's findings and conclusions and the judgment based thereon.

■ Not much need be said with respect to the contention that the court's findings that the explosions caused severe damage to the building are unsupported by competent evidence. There was a sharp conflict in the evidence with respect to this issue. No needful purpose would be served by setting out the evidence in detail. It is sufficient to say that the court's findings with respect to the cause of the damage are supported by substantial evidence and are, therefore binding on this court on appeal.

A more serious question is presented with respect to the contention that the action was barred by the statute of limitations contained in the policy. Oklahoma has a statutory, standard form of fire insurance policy, which all companies are required to write. It is stipulated that the policy in question was a standard, statutory policy and covered loss by explosion. 36 O.S.A. § 244.1, which enacted the statutory, standard form of fire insurance policy, contains this provision with respect to the time within which action may be brought upon such a policy. "No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve (12) months next after inception of the loss."

The damage occurred January 7, 1947. This action was not commenced until August 25, 1949, more than thirty months thereafter and approximately sixteen months after April 28, 1948, when the Company denied liability. The trial court, however, found that the Company, by its dilatory tactics and by continuing to negotiate with the School Board for a settlement of the claim into February, 1948, and not finally denying liability until in April, 1948, misled the District into believing the loss would be adjusted and that this conduct was inequitable and deprived it of the defense that the action was not commenced within the year. The Company contends that it was not guilty of inequitable conduct in this respect and that the court's finding is without support in the record, but for the purpose of this opinion the finding will be sustained.

■ From what has been said, it follows that the Company may not defend because the action was not instituted within one year from the date of the damage. The precise question, however, is within what period of time, after the Board was advised on April 28, 1948, that the Company denied liability, was it required to bring this action. The Board treats the one year period of limitation written into the policy as a contractual period of limitation and takes the position that since it was waived by the conduct of the Company it was gone and could not thereafter be reasserted and that thereafter the general five year statute of limitations, applying to contracts generally, would control. In short, it takes the position that it had five years after the denial of liability by the Company within which to bring this action. It relies for support of this position upon O'Brien v. Sovereign Camp, W. O. W., 122 Pa.Super. 39, 184 A. 546, and kindred cases set out in its brief.

■ We think the Board is wrong in speaking of the one year limitation in the policy as a contractual period of limita-

tion. A contractual provision is one arrived at by mutual voluntary considerations, consents and agreements. It is one the parties are free to make as they may choose. In Oklahoma the parties to a fire insurance policy are not free to contract as to the period of time within which an action must be brought. The one year statutory period of limitation is by operation of law made a part of the contract. Writing it into the policy does not change its character. It is and remains a statutory and not a contractual period of limitation.[1]

A casual perusal of the many decisions dealing with the use of the word "waive" or "waiver," when applied to periods of limitation for the institution of actions on insurance contracts, warrants the statement that these words are loosely and inaccurately treated when so used. A reading of many decisions makes it clear that when the court stated that the insurance company waived the contractual period of limitation it really meant that the conduct of the Company interrupted the running of the period of limitations and that it was thus interrupted by the Company's conduct during such period of time and that the inequitable conduct of the Company excused the insured from strict compliance with the terms of the policy, as to the time within which such an action must be brought. In O'Brien v. Sovereign Camp, W. O. W., 122 Pa.Super. 39, 184 A. 546, 547, the Pennsylvania Superior Court held that where the company continued to negotiate with the insured and thus led her to believe that the one year statutory period of limitation would not be insisted on, such conduct constituted a waiver of the one year period of limitation and that it could not thereafter be reasserted and that by such waiver, relinquishment and extinguishment the insured had thereafter six years within which to institute the action. While the court found that the company had waived the statutory provision, it also used language, indicating that the word "waived" was loosely used and synonymously with the word "estoppel." Thus in the body of the

opinion, the court quotes with approval the following: "The general rule is that an insurance company will be estopped from relying on the limitation clause of its policy requiring suit to be brought thereon within a limited time, where such company has prevented the policy holder from suing within that time by holding out prospects of payment and settlement."

The language of the O'Brien case was both criticized and distinguished by the Pennsylvania Court in O'Connor v. Allemannia Fire Ins. Co. of Pittsburgh, 128 Pa. Super. 336, 194 A. 217, 218, and in Sudnick v. Home Friendly Ins. Co. of Maryland, 149 Pa.Super. 145, 27 A.2d 468, 471. In the O'Connor case the court pointed out that waiver was an express and intentional relinquishment of a right and that it did not occur unless it was so intended. Speaking of conduct, similar to the conduct found by the court in this case, the court said: "* * * the failure of the insured to bring suit within the prescribed time being due to the insurer's act or conduct—the limitation has not been fully and completely *waived*, in the strict sense of the word, but has only been suspended or extended, and begins to run when the insurer's conduct no longer excuses the insured's failure to bring suit." And in the case of Sudnick, supra, in speaking of the O'Connor case, the court said: "We pointed out in that case, preliminarily to a discussion of the cases considered by us, that 'some confusion has resulted from a careless and, perhaps, not wholly accurate use in the decisions of the words 'waive' and 'waiver' in connection with the clause in the policy limiting the time within which an action may be brought upon it, when what was really meant was such conduct on the part of the insurer or its authorized representatives as to excuse the insured from strict compliance with the terms of the policy and to extend the period for bringing suit.'" The court then discussed the effect of waiver of protest and waiver of proofs of loss, as examples of true waiver, that is an intentional relinquishment of a right and then states: "It

---

1. Aetna Insurance Co. v. Wewoka Realty & Trust Co., 104 Okl. 183, 230 P. 738.

United States Fire Ins. Co. v. Swyden, 175 Okl. 475, 53 P.2d 284, and cases therein cited.

cannot be contended that any such result followed the dealings and negotiations between these parties. Strictly speaking there was no waiver * * *. But the company could, if it saw fit, extend the time limit fixed in the policy for bringing suit. If in the course of the negotiations it gave plaintiff reasonable ground for believing that the time limit would be extended, or that such provision would not be strictly enforced, it could not subsequently insist on its strict enforcement without giving him a reasonable time thereafter within which to bring his action."

Most courts which have considered this question in a statutory fire insurance policy have held that conduct on the part of the insurance company in continuing and prolonging negotiations which deprived it of the right to insist that an action be brought within the statutory one year period of limitation written in the policy operates to suspend the running of the statute of limitation until a denial of liability, after which the insured is given a reasonable time to commence suit.[2] In some cases the court speaks of the conduct of the insurance company as working a waiver and in others as effecting an estoppel to require strict compliance with the statutory provision.

▇▇▇ The above is also the position of the Supreme Court of Oklahoma as revealed in Prudential Fire Ins. Co. v. Trave-Taylor Co., 194 Okl. 394, 152 P.2d 273. In this case the insurance company did not deny liability immediately but requested additional time to have experts examine the property. It consumed practically the entire year in this process so that when it finally denied liability there was insufficient time left to institute an action within the year. To an action instituted after the expiration of the year it pleaded as a defense the one year statute of limitations. In its opinion the court used both the word "estoppel" and "waiver." It also re-

ferred to the fact, as in other cases, that the distinction between waiver and estoppel has not always been clearly drawn by the courts. In the syllabus, which in Oklahoma constitutes the law of the case, it held that by having requested time to have experts examine the property and then consuming practically all the year, so there was insufficient time left to institute the action within the year after it denied liability it "waived the limitation provision of the policy for a reasonable time after denial of the liability thereunder." This language clearly indicates that Oklahoma did not use the word "waiver" in the sense that it constituted a complete relinquishment, extinguishment and abandonment of the right to assert the one year statutory period of limitation. The language is that the limitation provision *is waived for a reasonable time after denial of liability*. This language is inconsistent with the holding that waiver is a voluntary relinquishment of a right which thereafter disappears from the case. It can only mean that such acts as the Board relies on in this case operate to suspend the running of the statute of limitations until denial of liability and that thereafter the statute begins to run again and, if insufficient time remains to institute the action within the year, the insured may have a reasonable time thereafter to bring his action. Whether the insured thereafter institutes his action within a reasonable time may in some cases become a question of fact, but in any event he could not have more time than the time he would have had but for the dilatory acts of the Company, which was one year. When the insured, as here, takes more than sixteen months after denial of liability by the Company to institute his action, when if denial of liability had been made promptly he would have had only one year, it must be said as a matter of law that the action is barred.

This conclusion disposes of the case and

2. O'Connor v. Allemannia Fire Ins. Co. of Pittsburgh, 128 Pa.Super. 336, 194 A. 217; Sudnick v. Home Friendly Ins. Co. of Maryland, 149 Pa.Super. 145, 27 A.2d 468; Fischer v. Harmony Town Ins. Co., 249 Wis. 438, 24 N.W.2d 887;

Dishno v. Home Mut. Ins. Co., 256 Wis. 448, 41 N.W.2d 375; Union Fire Ins. Co. v. Stone, 41 Ga.App. 49, 152 S.E. 146; Tellip v. Home Life Ins. Co., 152 Pa.Super. 147, 31 A.2d 364.

makes unnecessary a consideration of other questions presented by the appeal.

The judgment is accordingly Reversed and the cause is Remanded with directions to enter judgment for appellant for costs.