**F I L E D**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

LARRY CLIPPERTON,

      Plaintiff-Appellant,

  v.

ALLSTATE INSURANCE
COMPANY,

      Defendant-Appellee.

No. 04-6113
(D.C. No. CV-02-1750-T)
(W.D. Okla.)

**ORDER AND JUDGMENT** *

Before **HENRY**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Larry Clipperton appeals from the district court's order granting summary judgment in favor of the issuer of his homeowner's insurance policy, Allstate Insurance Company. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

On June 4, 2000, Mr. Clipperton's home was damaged by a natural gas explosion. An adjuster hired by Allstate inspected Mr. Clipperton's home and provided an estimate of how much it would cost to repair the home's sheetrock damage. The adjuster also recommended that Allstate retain an engineer to inspect the home for structural damage. Between August 2000 and December 2000, the parties obtained divergent structural-damage estimates. In May 2001, Allstate issued a check to Mr. Clipperton for the undisputed amount of sheetrock damage. More than sixteen months elapsed, and in November 2002, Mr. Clipperton filed this lawsuit in Oklahoma state court for breach of contract. Allstate removed the case to federal court based on diversity of citizenship and filed a motion for summary judgment.

The district court held Mr. Clipperton's case time-barred and granted Allstate's summary judgment motion, ruling (1) Allstate's failure to raise in its answer the insurance policy's one-year limitation period did not result in a waiver of that defense because Mr. Clipperton was unable to demonstrate that the belated assertion unfairly surprised or prejudiced him; (2) the one-year limitation period

began to run on the date that Mr. Clipperton's home was damaged; and (3) the coverage invoked by the damage to Mr. Clipperton's home was a property insurance loss, and as such, the one-year limitation period did not offend Okla. Stat. Ann. tit. 36, § 3617. On appeal, Mr. Clipperton argues that the district court erred by finding his case time-barred and challenges each of the district court's rulings.

Diversity actions, such as this, are governed by the substantive law of the forum state, but we follow federal law "in determining the propriety of the district court's grant of summary judgment." *Eck v. Parke, Davis & Co.*, 256 F.3d 1013, 1016 (10th Cir. 2001). Accordingly, we review de novo the district court's grant of summary judgment, applying the same standard as that court under Fed. R. Civ. P. 56(c). *See Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999).

Mr. Clipperton first asserts that his breach-of-contract claim is not time-barred because he was prejudiced by Allstate's failure to *either* deny his claim *or* raise in its answer the one-year limitation period. But we cannot ascertain whether Mr. Clipperton argued in the district court that he was prejudiced by Allstate's failure to deny his claim. 10th Cir. R. 28.2(C)(2) ("For each issue raised on appeal, all briefs must cite the precise reference in the record where the issue was raised and ruled on."). We therefore decline to consider this argument.

*State Ins. Fund v. Ace Transp. Inc.*, 195 F.3d 561, 564 n.3 (10th Cir. 1999); 10th Cir. R. 10.3(B); *see also Walker v. Mather (In re Walker)*, 959 F.2d 894, 896 (10th Cir. 1992) (observing general rule that appellate court will not consider an issue not passed upon by district court). [1] And, although Mr. Clipperton identifies as an issue on appeal that he was prejudiced by Allstate's failure to assert in its answer the one-year limitation period, he waived this issue by failing to support it in his appellate brief. *Abercrombie v. City of Catoosa*, 896 F.2d 1228, 1231 (10th Cir. 1990); *see generally* Aplt. Br. at 10-14 (only addressing prejudice resulting from Allstate's failure to deny claim).

Mr. Clipperton next argues that the limitation period does not begin to run until Allstate denies his claim. In support of this proposition, Mr. Clipperton cites the same two non-binding cases he relied upon in the district court, *Peloso v. Hartford Fire Insurance Co.*, 267 A.2d 498 (N.J. 1970), and *Nicholson v. Nationwide Mutual Fire Insurance Co.*, 517 F. Supp. 1046 (N.D. Ga. 1981). We are not persuaded by Mr. Clipperton's argument. He has not identified, and we have not found, any Oklahoma authority to support his minority position. *See, e.g.*, *Peloso*, 267 A.2d at 500 (acknowledging that the majority of courts hold that

---

[1] Mr. Clipperton's counsel also disregarded Tenth Circuit Rules 10.3(D)(2) and 30.1(A)(1), and is reminded that these rules "are not empty gestures," *Travelers Indem. Co. v. Accurate Autobody, Inc.*, 340 F.3d 1118, 1121 (10th Cir. 2003).

the limitation period should be calculated from the date of the casualty insured against, not from the date that the insurer denies an insured's claim).

Moreover, an unambiguous insurance policy must be enforced according to its express terms, "giving the policy's language its plain and ordinary meaning." *S. Hospitality, Inc. v. Zurich Am. Ins. Co.*, 393 F.3d 1137, 1139 (10th Cir. 2004) (applying Oklahoma law); *see also Dalton v. LeBlanc*, 350 F.2d 95, 97 (10th Cir. 1965) (applying Oklahoma law) (explaining that the "insured is chargeable with knowledge of the terms of his insurance policy" and bound by the terms' legal effect). Mr. Clipperton did not allege that the insurance policy is ambiguous. The policy expressly states, "Any suit or action must be brought within one year after the inception of loss or damage," Aplt. App. at 4, ¶ 12. Giving the foregoing language its plain and ordinary meaning, we agree with the district court that the one-year limitation period began to run on the date that Mr. Clipperton's home was damaged. We likewise agree with the district court that *Insurance Co. of North America v. Board of Education*, 196 F.2d 901 (10th Cir. 1952), does not compel a different result. The record does not demonstrate that Allstate, unlike the insurer in *Insurance Co. of North America v. Board of Education*, engaged in dilatory tactics or extended the parties' negotiations beyond the expiration of the limitation period. Rather, the parties in this case ended their negotiations in May 2001, one month before the expiration of the

applicable limitation period; and then, Mr. Clipperton waited until November 2002 to file suit.

Mr. Clipperton also contends that the one-year limitation period violates Okla. Stat. Ann. tit. 36, § 3617. Having carefully reviewed the parties' briefs, the record, and Oklahoma law, we agree with the district court that the one-year limitation period does not run afoul of § 3617.

Finally, Mr. Clipperton asserts, without regard to 10th Cir. R. 27.1(C), that it may be appropriate to certify certain questions to the Oklahoma Supreme Court. "Whether to certify a question of state law to the state supreme court is within the discretion of the federal court." *Armijo v. Ex Cam, Inc.*, 843 F.2d 406, 407 (10th Cir. 1988). Here, we decline to exercise that discretion.

The judgment of the district court is AFFIRMED.

Entered for the Court

Robert H. Henry
Circuit Judge

-6-